THE STATE v. EDWARDS, *Appellant.*

1. **Intentional Homicide.** A homicide intentionally committed while resisting an assault by the person slain, cannot be manslaughter in the second degree. If an offense at all, it is murder in the second degree or manslaughter in the fourth degree.

2. **Pleading, Criminal.** By mistake in drawing an indictment for murder, the name of the person slain was substituted for that of the defendant, whereby it was made to allege a mortal wounding of the deceased by himself. *Held*, a fatal and incurable error.

*Appeal from Andrew Circuit Court.* The case was tried before N. B. GIDDINGS, ESQ., sitting as Special Judge.

REVERSED.

*Rea & Williams, Saunders & Mercer* and *Heren & Son* for appellant.

1. The instruction in relation to manslaughter in the second degree should not have been given. *State v. Alexander*, 66 Mo. 148; *State v. Phillips*, 24 Mo. 490; *State v. Sloan*, 47 Mo. 615; *State v. Lane*, 64 Mo. 324.

2. The indictment is uncertain, meaningless and absurd. 2 Bishop Crim. Proc., 552; 1 Wharton Prec. Indict. & Pleas, 115.

*J. L. Smith*, Attorney-General, for the State.

HOUGH, J.—The indictment in this case is as follows: "The grand jurors of the State of Missouri, within and for the body of the county of Andrew, aforesaid, being duly impaneled, charged and sworn, upon their oaths present and charge that one Edward Edwards, late of said county, on the 28th day of February, A. D. 1878, in the county of Andrew, and State of Missouri, aforesaid, in and upon the body of one Aaron Dennis Ogle, there being, feloniously, willfully, deliberately, premeditatedly, on purpose, and of his malice aforethought, did make an assault, and that the said Edward Edwards, a certain revolving pistol of the value of $5, then and there charged

with gunpowder and six leaden bullets, which said revolving pistol, he, the said Edward Edwards, in his right hand had and held, feloniously, willfully, deliberately, premeditatedly, on purpose and of his malice aforethought, did discharge and shoot off, at, to, against and upon the said Aaron Dennis Ogle, and the said *Aaron Dennis Ogle*, with the leaden bullets aforesaid, out of the revolving pistol aforesaid, then and there, by force of the gunpowder aforesaid, by the said Edward Edwards discharged and shot off as aforesaid, then and there feloniously, willfully, deliberately, premeditatedly, on purpose, and of his malice aforethought, did strike, penetrate and wound him, the said Aaron Dennis Ogle, in and upon the left side of the belly of him, the said Aaron Dennis Ogle, giving to him, the said Aaron Dennis Ogle, then and there, with the leaden bullets aforesaid, so as aforesaid discharged and shot out of the revolving pistol aforesaid, by the said Edward Edwards, in and upon the left side of the belly of him, the said Aaron Dennis Ogle, one mortal wound of the depth of five inches, and of the breadth of one-half inch, of which said mortal wound the said Aaron Dennis Ogle, on the said 28th day of February, A. D. 1878, one hour, in the county aforesaid, did languish, and languishing, did live, and afterwards, on the said 28th day of February, A. D. 1878, the said Aaron Dennis Ogle, in the county of Andrew aforesaid, died. And so the grand jurors aforesaid, upon their oaths aforesaid, do say that the said Edward Edwards, him, the said Aaron Dennis Ogle, in the manner and by the means aforesaid, on the said 28th day of February, A. D. 1878, in the county of Andrew aforesaid, feloniously, willfully, deliberately, premeditatedly, on purpose and of his malice aforethought, did kill and murder, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State."

The defendant was tried and convicted of manslaughter in the second degree. It is unnecessary to state the testimony in detail. It appears that on the evening of the

28th day of February, 1878, at a social gathering in An-
drew county, the deceased and one Elbert Edwards, a
brother of defendant, engaged in a scuffle. The deceased
being victorious, boasted of his strength, said he could
whip both the brothers, and without any apparent provoca-
tion, finally assaulted the defendant with his fist. In the
conflict which ensued the defendant shot at the deceased,
but without effect. The parties were separated; the de-
ceased immediately left the room, but quickly returned,
and after an angry colloquy with the defendant, again as-
saulted him and seized him by the throat, when, during a
brief struggle, the defendant shot and killed the deceased.
The defendant testified that during the struggle the de-
ceased attempted to open a pocket knife. There was testi-
mony as to the good character of the defendant.

The only instruction complained of in the motion for
a new trial, is the following: "If the jury believe from
the evidence that the defendant, without a
design to effect death, in the heat of passion,
but in a cruel or unusual manner, shot and killed the de-
ceased, but not under such circumstances as to constitute
excusable or justifiable homicide, then he is guilty of man-
slaughter in the second degree; and you will find him
guilty of manslaughter in the second degree; and so state
in your verdict, and assess his punishment in the peniten-
tiary not less than three nor more than five years." It is
manifest from the testimony that the killing was inten-
tional. It could not, therefore, be manslaughter in the
second degree, as defined by this instruction. Nor do the
facts tend to show a case of manslaughter in the second
degree as defined by section 12 hereinafter quoted. The
defendant was either guilty of murder in the second de-
gree, or of manslaughter in the fourth degree, or the homi-
cide was justifiable  Under our statute, manslaughter in
the fourth degree includes every homicide not justifiable or
excusable, which was manslaughter at common law, and
which is not declared to be manslaughter in the first, sec-

2. INTENTIONAL
HOMICIDE.

ond or third degree. Wag. Stat. § 18, p. 447. The unnecessary killing of another while resisting an attempt by such other person to commit a felony, or do some other unlawful acts, after such attempt shall have failed, is declared to be manslaughter in the second degree. Wag. Stat., § 12, p. 447. With the exception of those cases of intentional killing which may come within this provision, no case of intentional homicide is included either in the first, second or third degree of manslaughter.

It is well known, and it has been heretofore stated by this court, that there are inexcusable and unjustifiable homicides intentionally committed, which at common law amounted only to manslaughter. *State v. Branstetter*, 65 Mo. 149; *State v. Wieners*, 66 Mo. 20. If a husband find his wife in the act of adultery, and provoked by the wrong instantly takes her life, or that of the adulterer, or if a father detect one in the commission of the crime against nature with his son, and immediately avenges the wrong by the death of the wrong-doer, the homicide is only manslaughter. So any assault made with violence, or circumstances of indignity upon a man's person, as by pulling him by the nose, if it be resented immediately by the death of the aggressor, and it appears that the party acted in the heat of blood upon that provocation, will reduce the killing to manslaughter. The intentional killing of another without malice, on sudden quarrel, or in heat of passion, was manslaughter. 1 East's Pleas of the Crown, 233, 234, 235; 4 Bl. Com., 191; 2 Bishop's Crim. Law, §§ 676, 695, 708; Wharton on Hom., § 5; *State v. Starr*, 38 Mo. 270; *State v. Holme*, 54 Mo. 165. We are of opinion, therefore, that the instruction as to manslaughter in the second degree, was erroneous. The court should have instructed the jury as to manslaughter in the fourth degree.

It is also objected that the indictment is insufficient. It will be observed that in the charging part of the indict-

2. PLEADING, CRIMINAL. ment the name of Aaron D. Ogle, the deceased, is substituted for that of the defend-

ant. The clause of the indictment in which the deceased is thus made the actor cannot be regarded as immaterial, inasmuch as it is the only clause which alleges the infliction of the mortal wound upon the body of the deceased. *State v. Blan*, 69 Mo. 322. This mistake can neither be corrected nor ignored, and the indictment must therefore be held to be fatally defective.

As this case is to be reversed, it will be proper to remark that the instruction as to manslaughter in the third degree, does not correctly define that offense, and the instruction as the defendant's previous good character does not conform to the rule laid down in the *State v. Alexander*, 66 Mo. 158. The instruction defining murder in the second degree does not conform to the decision of this court in *State v. Wieners*, 66 Mo. 13. Exceptions to these errors were not properly saved, but we call attention to them, so that they may not be repeated, if the defendant should be again indicted. The judgment of the circuit court is reversed and the cause remanded. All the judges concur.