## No. 11,702.

### STATE OF LOUISIANA VS. JOSEPH VALSIN.

Assuming that in a capital case, counsel for accused would be authorized to admit the fact of death, he could not control the course of the prosecuting attorney nor the evidence the State should introduce.

Relief through motion in arrest of judgment is confined to matters appearing on the face of the record.

APPEAL from the Tenth Judicial District Court, Parish of Natchitoches.   Coco, J.

M. J. Cunningham, Attorney General, and Phanor Breazeale, District Attorney, for Plaintiff and Appellee.

Defendant and Appellant unrepresented by counsel in Supreme Court.

State vs. Valsin.

The opinion of the court was delivered by

NICHOLLS, C. J.    The defendant, indicted for murder, found guilty and sentenced to be hung, has appealed.

The bill of exception reserved by him during the trial recites: That the District Attorney, having offered in evidence the findings and verdict of the coroner's jury, objection was made to his so doing, and the objection being overruled, and the record introduced, a bill of exception was reserved. The only objection which was urged was that by reason of defendant's counsel having offered to admit the death, it was not admissible. It was not claimed that the proceedings before the coroner were sought to be introduced for a purpose not legitimate, nor that, but for the admission tendered, they were not admissible. The District Judge says: "They were admitted for the purpose of establishing the *corpus delicti*, and they were restricted to that effect; that the court instructed the jury that they were to exclude from their consideration any fact contained in the proceeding, save and except so far as they went to show death. That the defendant's attorney offered to admit the death, but the District Attorney stated he preferred to prove it."

The objection is utterly without force. Assuming that in a capital case counsel of an accused would be authorized, on his behalf, to admit the fact of death, he could not control the course which the prosecuting attorney should follow in the trial of the case, nor the evidence which the State should introduce in support of the charge it has made, if legally admissible. Even in civil matters, parties are not forced to receive admissions in lieu of evidence by which they stand prepared to establish the facts which the admissions cover.

In addition to the bill of exception on which we have just acted, we find in the record a motion in arrest of judgment and also one for a new trial.

The application for a new trial was based upon an affidavit of the accused to the effect that by and through the testimony of several named witnesses, he could establish certain facts which, if shown, would establish an *alibi*. The affidavit states that these witnesses "are within sixteen miles of the court house and subject to its power." Accused made no attempt to fortify his application by affidavits of the parties named, although they were within easy reach. We are of the opinion, besides this, that accused must have known at the time of the trial, as well as he did afterward, of the facts on which he now relies.

The grounds urged in arrest of judgment were:

1. "That Art. 86 of the Constitution of Louisiana is mandatory and requires the style of all process to be 'The State of Louisiana,' and the style of this indictment and all the other proceedings in this case were 'State of Louisiana.'

2. "That the accused was indicted, tried and convicted under the name of 'Joseph Valsin,' when in truth and in fact his name is William Volsant."

Of the second complaint it suffices to say that even if it had any merit it should not, and could not, have been urged in a motion in arrest of judgment. Relief through that motion is confined to matters appearing on the face of the record.

The only basis for the first complaint seems to be that the indictment in this case was preceded by the words "State of Louisiana, parish of Natchitoches, December Term, A. D. 1894."

The indictment itself commences as follows: "In the name and by the authority of the State of Louisiana, the grand jurors of the State of Louisiana * * * do, upon their oath, present," and closes, after fully charging the defendant with the crime of murder, with the usual declaration that the crime was committed "contrary to the form of the statute of the State of Louisiana in such cases made and provided, and against the peace and dignity of the same."

Article 86 of the Constitution requires that "all prosecutions shall be carried on in the name and by the authority of the State of Louisiana," and conclude "against the peace and dignity of the same."

All constitutional requirements have been met in this case. We are compelled to affirm the judgment.

Judgment affirmed.