## THE STATE v. STEPHENS, Appellant.

### Division Two, November 20, 1906.

**INDICTMENT: Substitution of Names: Rape.** An indictment for rape which, in its charging part, substitutes the name of the person assaulted for that of the defendant, so that it charges her with having committed an assault upon herself, is fatally defective.

Appeal from St. Louis City Circuit Court.—*Hon. Jas. E. Withrow,* Judge.

REVERSED AND REMANDED.

*T. M. Pierce, S. P. McChesney, Mark Ewing* and *E. F. Cunningham* for appellant.

The court erred in holding that the indictment stated a cause of action and charged a crime against the law. State v. Edwards, 70 Mo. 480; State v. Manning, 168 Mo. 418.

*Herbert S. Hadley,* Attorney-General, and *N. T. Gentry,* Assistant Attorney-General, for the State.

The mere clerical error in the indictment, about which defendant's counsel complain, did not vitiate the indictment, nor cause that document to fail to inform the defendant of the charge against him. It has often been decided that the misspelling of words, or the use of bad grammar in an indictment, is not sufficient grounds for quashing the indictment or arresting the judgment. State v. Vaughan, 141 Mo. 514; State v. Miller, 156 Mo. 76; State v. Craighead, 32 Mo. 561; 1 Bishop on Crim. Proc., secs. 354 and 511; R. S. 1899, sec. 2335.

BURGESS, P. J.—On an indictment preferred by the grand jury of the city of St. Louis in which de-

fendant is charged with ravishing and carnally knowing one Helen Dillon, a female child under the age of fourteen years, defendant was, on the 21st day of November, 1905, in the circuit court of said city, convicted of assault with intent to commit a rape upon said child, and his punishment fixed at three years in the penitentiary. He appeals.

The indictment is as follows:

"The grand jurors of the State of Missouri, within and for the body of the city of St. Louis, now here in court, duly impaneled, sworn and charged, upon their oath present, That David W. Stephens, on the eighth day of August in the year of our Lord one thousand nine hundred and five, at the city of St. Louis, aforesaid, in and upon one Helen Dillon, the said Helen Dillon being then and there a female child under the age of fourteen years, unlawfully and feloniously did make an assault; and she, the said Helen Dillon, then and there did unlawfully and feloniously, forcibly rape, ravish and carnally know, against the will of her, the said Helen Dillon; contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State."

The point is made that the indictment is insufficient. It will be noted that in the charging part of the indictment the name of the child assaulted is substituted for that of the defendant, so that it charges her with having committed an assault upon herself. Such a mistake cannot be regarded as immaterial. Nor can it be corrected or ignored. The indictment must therefore be held bad. [State v. Edwards, 70 Mo. 480; State v. Manning, 168 Mo. 418.]

We see no objection to the instructions. The evidence fully warranted the submission of the case to the jury, whose province it was to pass upon its weight.

The judgment is reversed and the cause remanded. All concur.