## ·CHARLESTON.

### STATE *ex rel.* PORTER v. STUDEBAKER *et als.*

#### AND

### STATE *ex rel.* PORTER v. DAMRON, JUDGE *et als.*

Submitted September 5, 1917.  Decided September 18, 1917.

1.  ELECTIONS—*Contest—Jurisdiction of City Commission.*

    In accordance with the general rule enunciated in *Trunick* v. *Town of Northview,* 80 W. Va. 9, 91 S. E. 1081, the commission of the City of Williamson, as constituted and sitting on June 30, 1917, was without jurisdiction to hear and determine a contest between one of its members, as then constituted, and one who, at the previous general election, held pursuant to the charter of said city, was a candidate for the term beginning July 1, 1917, and who had been found by said commission to have received the highest number of votes at said election, and its judgment therein was wholly void. (p. 676).

2.  SAME—*Contest—Trial De Novo—Jurisdiction of Lower Tribunal.*
     The commission of said city so constituted being without juris-
diction, the circuit court upon appeal by one of contestants from
the adverse findings and judgment of such commission, pursuant
to section 11, of the charter of said city, acquired no jurisdiction
to hear and determine *de novo* or otherwise the merits of such
contest, this' upon the general principle that where an inferior court
or tribunal has no jurisdiction of the cause an appeal from its
decision therein confers no jurisdiction upon the appellate court.
(p. 676).

3.  PROHIBITION—*Jurisdiction of Lower Tribunal.*
     And where the circuit court is about to hear and determine
such contest upon appeal prohibition will lie to prevent its exer-
cise of such jurisdiction.  (p. 676).

Original prohibition by the State, on relation of William
O. Porter, against J. M. Studebaker and others, and prohibi-
tion by the same relator against Hon. James Damron, Judge
of the Circuit Court of Mingo County, and others.

*Writ in first case denied; writ in second case awarded.*

*Campbell, Brown & Davis, J. M. Strother* and *B. Randolph
Bias,* for relator.

*Sanders & Crockett,* for respondents.

MILLER, JUDGE:

By the first suit, begun June 29, 1917, relator sought to
prohibit respondents Studebaker, Shannon, Dudgeon, Cooper
and Greene, as members of the commission of the City of Wil-
liamson, from carrying into effect a resolution adopted June
21, 1917, declaring said Dudgeon entitled, after June 30,
1917, to the office of member of said commission, and said
Dudgeon from sitting, participating, or determining as a
member of said commission, the contest case of Dudgeon,
contestant, against said Porter, contestee, and also to prohibit
the other respondents from permitting said Dudgeon to hear,
determine or participate in the hearing and determination
of said cause.

By the second of said suits, begun on July 21, 1917, the
relator Porter prays prohibition of the circuit court of Mingo
County, and the Honorable James Damron, judge thereof,

from hearing or determining the said contest proceeding then pending in said court on appeal by the said Dudgeon from the finding and judgment of said commission, pronounced on June 30, 1917.

The record of the two causes here heard and considered together, shows that no effort was made by respondents to carry into effect said resolution of June 21, 1917, but on the contrary said contest case with counter notice of contest then filed by relator was, on June 30, 1917, at a meeting of said commission held on the night of that day, before the term of office of said Dudgeon expired, and at which he was present, as clerk, but whether otherwise participating as a member of said commission does not appear, fully heard on said notices and the evidence offered, and wherein the said commission found and adjudged that the relator and contestee was eligible to the office of commissioner, to which he had at the preceding election been duly elected, and was entitled to serve as such and fill said office for the term of two years, beginning July 1, 1917, and until his successor should be duly elected and qualified.

At a subsequent meeting of said commission, held on July 2, 1917, at which the new board of commissioners elected at said election, consisting of Haven, Hill, Preece, Studebaker, and Porter, were present, the appellant, Dudgeon, then tendered and filed his petition and bond and was allowed an appeal from the said finding and judgment of the commission of June 30, 1917, as then constituted, and the clerk was ordered to transmit all the original papers therein to the clerk of the circuit court of Mingo County, and it is this appeal which the relator would prohibit the circuit court from hearing and determining.

As no effort was made by respondents or either of them to carry into effect said resolution of June 21, 1917, and as the contest case of *Dudgeon* v. *Porter,* was, on June 30, 1917, decided in favor of Porter, and he was apparently inducted into office and was present and sitting at the meeting of said commission sitting on July 2, 1917, when Dudgeon filed his petition and bond and was allowed said appeal, the questions presented by the petition and rule in the first case have be-

come practically moot questions, and to award the writ now would be abortive of any practical or beneficial results. Our conclusion, therefore, is to deny the writ, but without costs to respondents.

In the second case we have concluded the writ should go as prayed for. Section 11 of the Charter of the City of Williamson, as amended and re-enacted by chapter 14, Acts of the Legislature 1915, relating to Municipal Charters, among other things provides: ''Contested elections shall be heard and decided by the commission and the proceedings thereon shall conform as nearly as may be to similar proceedings in the case of county and district officers. The commission shall be the judge of the election returns and qualifications of its own members.'' We decided in *Trunick* v. *Town of Northview*, 80 W. Va. 9, 91 S. E. 1081, construing a similar provision of chapter 47, of the Code, that the council to which such member has been so elected and not some previous council, is the one entitled to sit in judgment on his election and qualification for the office. There is nothing presented in this case to except it from the general rule established in that case. The rule of that case, we think, is based on sound legal principles and ought to be adhered to. Our conclusion, therefore, is that the commission, as constituted and sitting on June 30, 1917, was wholly without jurisdiction to hear and determine the rights of contestant and contestee in the case of Dudgeon, contestant, versus Porter, contestee, either upon the original notice of contest filed by Dudgeon, or the counter notice filed by Porter, and that its findings and judgment were void, and of no effect as a final adjudication of the rights of the parties, and that the proceedings of contest so instituted should be regarded and treated as pending and undetermined before the board or commission to which the relator was on the face of the returns of the election ascertained to have been elected.

But Dudgeon having been awarded an appeal to the circuit court by the commission composed of the newly elected members, and which is now pending in the circuit court, and section eleven of the charter providing that the same shall be heard, and determined, *de novo* by the judge of said court,

the question is, should that court or the judge thereof be restrained or prohibited from exercising its appellate jurisdiction because of the premature or abortive judgment of the old commission? In *Richmond* v. *Henderson,* 48 W. Va. 389, we decided that: "Where a justice has no jurisdiction of a civil action, neither has a circuit court on appeal, though such court would have original jurisdiction in the case, and therefore such court must dismiss the action for want of jurisdiction." Here we have a case where the commission, but not as constituted at the time of the trial, has jurisdiction. Should a different rule obtain in such cases? We think not. The parties are entitled, we think, to the judgment of the first triers of the case, in this case the newly elected commission. True each of the parties filed their notices of contest before the commission as then constituted. They were required by section 1, of chapter 6, of the Code, to give the notices within ten days, as therein prescribed, and section 3, of said chapter, relating to county and district officers, requires notices of contest · to· be presented to the county court at its first meeting after the same is delivered to the person whose election is contested, when the same shall be docketed for trial in said court. Whether notices of contest of the election of such municipal officers by analogy would necessarily have to be filed at the next regular or some special meeting of the commission is a question we need not decide. The fact, however, is that the parties to said contest proceedings did so file their notices and counter ·notices of contest, June 30, 1917, before the commission then sitting. But these proceedings could give that board no jurisdiction to take up and decide the contest, unless the statute properly construed gave it that right, which we have decided it does not do.

It seems to be well settled that, when an inferior court or tribunal has no jurisdiction of a cause, an appeal from its decision confers no jurisdiction therein upon the appellate court, and that this rule applies not only to appeals from justices' courts and other courts, but to the decisions of county boards and other similar tribunals. 3 C. J. 366, section 123, and cases cited in notes.

For the foregoing reasons the writ as prayed for is

awarded; but as the case of *Dudgeon* v. *Porter* must be regarded as still pending and undetermined before the said board or commission of the City of Williamson, the award of the writ shall be without prejudice to the rights of the parties in the further prosecution of said contest proceedings before said board or commission, or of their right of appeal to the circuit court from the adverse finding or judgment of such commission, if so advised.

*Writ denied in first case; writ awarded in second case.*