# CHARLESTON.

STÁTE *ex rel.* FRANK CONSTANZO *v.* FRANK W. KINDELBERGER *et al.*

Submitted March 1, 1921. Decided March 8, 1921.

1. HIGHWAYS—*Warrant for Operating Vehicle of Insufficient Width of Tires Held Not to Charge Violation of Statutes.*

A warrant for the arrest of a person charging him with operating upon the public roads a vehicle, the weight of which, including the load thereon, is more than six hundred pounds per inch width of tire, the total width of the four tires being included in computing the weight thereof, does not charge a violation of law under the provisions of sec. 126, chap. 66, Acts of 1917, and a motion to quash should prevail. (p. 434).

2. PROHIBITION—*Writ Will Lie Where Accusation Insufficient to Charge Offense Although Appellate Court Has Not Passed on Question of Jurisdiction.*

In such case the justice of the peace and the appellate court. if an appeal be awarded from the justice's court, are without jurisdiction, and prohibition will lie at the instance of the accused, although the appellate court has not passed upon the question of jurisdiction; and although the accused has some other adequate remedy. (p. 135).

Application for writ of prohibition by the State, on the relation of Frank Constanzo against John W. Kindelberger, Justice, and others.

*Writ awarded.*

*J. M. Ritz, Thos. B. Foulk* and *George A. Blackford,* for relator.

*E. T. England,* Attorney General, *Charles Ritchie,* Assistant Attorney General, *Carl G. Bachmann* and *Austin V. Wood,* for respondents.

LIVELY, JUDGE:

Kindelberger, a justice of the peace of Ohio County, on February 12, 1921, issued a warrant for Constanzo, charg-ing him with operating and driving upon the county roads

of that county and upon the streets of the city of Wheeling a motor vehicle, the weight of which including the load was more than 600 pounds per inch width of tire, the total width of the four tires being included in computing the weight thereof. At the trial his counsel moved to quash the complaint and warrant, which motion being overruled, defendant refused to plead. The justice entered the plea of not guilty, for him, heard the evidence, found defendant guilty, fined him $100.00 and sentenced him to 10 days in jail at hard labor. Defendant gave bond and appealed to the Criminal Court of Ohio County, where the case is now pending; and immediately applied to this court for, and obtained, this rule in prohibition against Hon. A. H. Robinson, judge of the criminal court, to show cause why he should not be prohibited from hearing or trying the case.

Constanzo asserts that the warrant does not charge him with the commission of an offense against the laws of this State; that he has committed no offense; and that the justice and criminal court are without jurisdiction for that reason.

The statute under which this warrant was issued, and on which the prosecution is predicated, is sec. 126 of chap. 66, Acts, 1917, the pertinent portion of which reads: ''No vehicle in excess of ninety inches in width shall be operated upon the highways of this State * * * * nor shall any vehicle, including load, exceeding thirty thousand pounds in weight, or on which the weight of the load is more than six hundred pounds per inch width of tire, the total width of the four tires being included in computing the weight thereof, be operated upon the highways of this State, unless by special permit from one of the authorities hereinbefore designated, and then only upon highways specially constructed for heavy traffic.''

The State asserts that it was the intention of the Legislature in this Act to protect the roads and streets from destruction, and that no more than 600 pounds per inch width of tire, including weight of car and load, should be permitted; and that the section quoted should be construed to

read; "nor shall any vehicle, including load, exceeding 30,-000 lbs. in weight . . . or more than 600 lbs. per inch width of tire, the total width of the four tires being included in computing the weight thereof. . . . . ."

The main reason confidently relied upon by the State for discharging the rule is that prohibition is not the proper remedy. The uses and purposes of prohibition and the class of cases in which the writ will issue have been under discussion so often and so recently in this court, and the holdings are so well settled, that it would serve no useful purpose to review the cases or reiterate the principles enunciated. In all cases, when the inferior court has not jurisdiction of the subject matter in controversy, the writ will lie. This is the very language of the statute, and is but declaratory of the common law. Now what is the rule for determining jurisdiction? Does this warrant charge an offense? If it does, then the criminal court will have jurisdiction to try all matters of law and fact arising therein, unless it should exceed its legitimate powers while doing so. If there is no offense charged, then there is no jurisdiction. But it is argued that the criminal court should first determine whether an offense is charged, and whether it will assume jurisdiction, and, if perchance the court should take jurisdiction, refuse to discharge Constanzo, try the case and find him guilty, then a writ of error would lie, and that procedure would be the proper course, instead of invoking the extraordinary remedy of prohibition. The answer to this is that prohibition is a writ of right, and Constanzo may elect to pursue it rather than invoke some other remedy. By the writ he is given a quick and efficacious remedy, and if the court does not have jurisdiction, he is saved the costs and delays incidental to a jury trial. There is an exhaustive and illuminating discussion of this remedy in *Morley* v. *Godfrey,* 54 W. Va. 54, where there is a review of all our cases and of the English decisions, with a dissenting opinion by Judge BRANNON. Whenever it appears that a court is proceeding in a cause without jurisdiction, prohibition will issue, regardless of the existence of other remedies. *Jennings*

v. *McDougle,* 83 W. Va. 187; *Hatfield* v. *Graham,* 73 W. Va.
759; *Weil* v. *Black,* 76 W. Va. 685; *State* v. *Studebaker,* 80
W. Va. 673. Where the inferior court has not jurisdiction,
it may be prohibited from proceeding, though the record
does not disclose that the party praying for the petition in
any manner asked the inferior court to dismiss the proceed-
ings. *Swinburn* v. *Smith,* 15 W. Va. 483; *Marsh* v. *O'Brien,*
82 W. Va. 508. If a justice of the peace has no jurisdiction,
an appeal from his decision confers no jurisdiction on the
appellate court. 3 C. J. sec. 123.

Does the complaint and warrant charge Constanzo with
the commission of an offense? This is the vital question
here. The statute reads; "nor shall any vehicle, including
load, exceeding thirty thousand pounds in weight . . . be
operated upon the highways of this State unless by special
permit" etc. Constanzo is not charged with this offense,
namely, that his vehicle, including load, exceeded thirty
thousand pounds. The only other offense under this section
is; "nor shall any vehicle . . . on which the weight of the
load is more than six hundred pounds per inch width of tire,
the total width of the four tires being included in computing
the weight thereof, be operated upon the highways of this
State, unless by special permit" etc. Constanzo is not
charged with this offense. It is under this second, or sep-
arable offense from the first named, that he is sought to be
prosecuted, and in order to do so he is charged with oper-
ating a motor vehicle the weight of which, *including the load*
is more than six hundred pounds per inch width of tire
etc. The weight of the load is not to be added to the weight
of the vehicle in order to make the owner liable to prosecu-
tion, unless the two weights combined exceed thirty thousand
pounds. Take the aggregate width of the four tires and
multiply it by 600 and it will give the amount of the load
which any vehicle may lawfully carry, provided the weight
of the vehicle, plus the load, does not exceed 30,000 pounds.
For instance, to illustrate: A truck which has an aggregate
of 16 inches of its four tires may be loaded with 9,600 pounds
if its weight does not exceed (30,000 pounds minus 9,600

pounds) 19,400 pounds. The State insists that this section should be construed so as to include the weight of the load with the weight of the vehicle, as above set out, the very opposite of what the statute says. "If a statute is plain, certain and unambiguous, so that no doubt arises from its own terms as to its scope and meaning, a bare reading suffices; then·interpretation is needless." Lewis' Sutherland Stat. Con., sec. 363. This is a penal statute and if its provisions needed construction, that most favorable to the accused would be adopted. Idem., sec. 524.

It may be that this statute is unwise and was not well considered in its enactment, and will cause unreasonable injury to the roads of the State; but it is not a function of the courts to pass upon the wisdom of the laws.

We are of the opinion that the complaint and warrant under which the petitioner is held do not charge an offense, and, therefore, the justice of the peace did not have, and the Criminal Court of Ohio County does not have jurisdiction.

*Writ granted.*