# REPORT OF DECISIONS
## DETERMINED BY THE
# SUPREME COURT OF APPEALS
### OF
# WEST VIRGINIA

## CHARLESTON.

State *ex rel.* D. F. Workman *v.* John M. Anderson, Judge.

Submitted September 7, 1921.    Decided September 13, 1921.

Counties—*Commissioners of County Courts—Bribery—Offense.*

> A commissioner of the county court who, as such, receives and accepts a bribe intended to influence him in the discharge of his official duties, is not guilty of a felony and subject to the penalty imposed by sec. 5a (3) of chap. 147 of the Code of 1918; and the Court in which an indictment is returned against him for a felony for so receiving and accepting such bribe is without jurisdiction to try him for a felony, and if such Court has assumed jurisdiction to try for a felony, prohibition will lie.

Original jurisdiction.

Application for writ of Prohibition in State ex rel. D. F. Workman against John M. Anderson, Judge of the Criminal Court of Raleigh County.

*Writ of Prohibition awarded.*

*C. M. Ward* and *Hugh A. Dunn,* for relator.

*E. T. England,* Attorney General, *R. Dennis Steed,* Assistant Attorney General, *D. D. Ashworth,* Prosecuting Attorney, *J. W. Marshall* and *Osenton & Lee,* for respondents.

Lively, Judge:

At the March term, 1921, of the Criminal Court of Raleigh County, two indictments were returned against D. F. Work-

man, each for a felony, charging him with accepting certain bribes as commissioner of the county court of that county in the performance of his official duty.    The first felony indictment charged him with accepting and receiving from one C. L. Lilly the sum of $2,500.00, paid or given to said Workman by said Lilly upon an agreement between them that Workman, then a commissioner of the county court, would vote for the purchase of a tract of land of 79 acres which Lilly was offering to sell to the county court for county purposes. This indictment charged that Workman received this bribe on the 12th day of March, 1919.    The second felony indictment was for unlawfully, feloniously and corruptly demanding and receiving from one J. L. Richmond, in said county on the 23rd day of February, 1921, a sum of six hundred dollars in money, upon the understanding and agreement with said Richmond that he, Workman, as a member of the county court would vote to sell to said Richmond, for the sum of sixteen hundred dollars, a certain steam shovel, which then belonged to the county court and which it proposed to sell.    Workman appeared in court to answer these two indictments  and was placed under bond for his appearance at the trial, which was set for the 24th day of June, 1921, and the judge of the criminal court, Honorable John M. Anderson, then announced in open court that he expected to try Workman on the charges of felony in said indictments on that date.

Conceiving that the facts and allegations charged in these indictments did not constitute a felony under the statute, Workman petitioned for and obtained rules in prohibition against the judge of the criminal court to show cause  why he should not be prohibited from proceeding to try the petitioner upon the indictments for felony.    To the rule in prohibition the judge appeared by counsel, demurred to the petition filed and moved to quash the rule issued thereon because the facts alleged in the petition were not sufficient to warrant the writ as prayed for, and for answer says that as judge of the criminal court he has jurisdiction to try and determine the matters alleged in the indictments.

If the facts charged in these indictments do not constitute felony under the law, then the criminal court has no right

or jurisdiction to try Workman for a felony, and, as we understand it, the petitioner seeks only to prohibit the trial of the felony charge.    At common law all forms of bribery, except bribery of a judge in relation to a cause pending before him, were misdemeanors to be visited with imprisonment and fine.    Bishop's New Criminal Law, vol. 2, sec. 87.    In Virginia, at the time of the formation of this State, it was a misdemeanor for any executive, legislative or judicial officer to corruptly accept a bribe, punished by being confined in jail for one year and by being fined not exceeding $1,000.00, forfeiture of his office, and also being forever incapable of holding any office of honor, trust or profit under that State. This provision is found in the Code of Virginia of 1860, in chapter 194, and was adopted by this State and is now section 5 of ch. 147 of the Code of 1918.    This statute of Virginia, adopted by this State at its formation, continued as the law for punishing the crime of bribery by any executive, legislative or judicial officer until after the adoption of the Constitution of 1872.    By section 45 of Art. 6 of that Constitution, the legislature was directed at its first session after the adoption of the Constitution to provide by law for the punishment by imprisonment in the penitentiary of any person who shall bribe or attempt to bribe, any executive or judicial officer of the State or any member of the legislature in order to influence him, in the performance of any of his official or public duties; and also to provide by law for the punishment by imprisonment in the penitentiary of any of said officers or any member of the legislature, who shall demand or receive from any corporation, company or person any money, testimonial or other valuable thing for the performance of his official or public duties or for refusing or failing to perform the same, or for any vote or influence a member of the legislature may give or withhold as such member, etc.    In pursuance of the mandate of the Constitution as above set out, the legislature of 1873, chapter 75, carried into effect this constitutional requirement, making it a felony for bribing or attempting to bribe any executive or judicial officer of this State, or any member of the legislature; and made it a felony for any executive or judicial officer of the State, or any member of the

legislature, to demand or receive from any corporation, company or person, any money, testimonial or other valuable thing, for the performance of his official or public duties or for refusing or failing to perform the same. These provisions of chapter 75 of the Acts of 1872-3 are now found as sections 5a-1, 5a-2, 5a-3 and 5a-4 of chapter 147 of the Code of 1918. It is under section 5a (3) that Workman is indicted for a felony. This is the only section of the bribery statutes under which he could be indicted for a felony, and reads: "That if any executive or judicial officer of this State shall demand or receive from any corporation, company or person, any money, testimonial, or other valuable thing, for the performance of his official or public duties, or for refusing or failing to perform the same, shall be deemed guilty of felony, and, upon conviction thereof, shall be imprisoned in the penitentiary for not less than five years, nor more than ten years; and shall, moreover, be forever disqualified from holding any office or position of honor, trust or profit in this State." It is insisted by the attorney general and counsel for the State that Workman, as commissioner of the county court is an executive or judicial officer within the meaning of this section. It is unnecessary to decide to what division of powers a county court belongs. Some of their duties are judicial or quasi judicial, as when they sit to try election contests. *Brazie* v. *Commissioners,* 25 W. Va. 213; *Arkle* v. *Commissioners,* 41 W. Va. 471; *Fleming* v. *Commissioners,* 31 W. Va. 608. The majority of their duties are ministerial or executive, often involving discretion. It is sufficient to say that the acts or duty of the commissioner in the performance of which the indictment charges he received and accepted a bribe, are ministerial or executive.

But does a commissioner of the county court fall within the designation of an executive officer of the State? Is he an officer of the State? Is he not an officer of the county? The statute under which the felony indictments are returned include executive or judicial officers of the State, using the same language and designating the same officers in the section of the Constitution which directed that such law be passed. These officers are placed in the same class as members of

the legislature and are subject to the same degree of punishment.     See section 5a (4), chap. 147, Code.   · It was evidently the purpose of the framers of the Constitution of 1872 to raise the punishment of the crime of bribery from a misdemeanor to a felony for certain designated officers (officers of the State) but not to raise it for every executive, legislative or judicial officer.   We must give some significance to the words ''of this State'' following the word officer in the above quoted statute.   Unless an executive or ˙judicial officer of the State is distinguished from those of a county or municipality, then bribery of a constable would be equal to bribery of a governor; and bribery of a police judge to that of a circuit or supreme court judge and the penalty the same.   We are of the opinion that the framers of the Constitution of 1872 and the legislature of that year and the following year clearly intended a distinction between the executive and judicial officers of the State and the executive and judicial officers of the counties, districts and municipalities; and to take these State officers out of the operation and effect of the then existent statute adopted from the laws of the Mother State (now sec. 5, chap. 147 of the Code) which makes it a misdemeanor for any executive, legislative or judicial officer to take a bribe.   It will be observed by inspection of chap. 75, Acts 1872-3 that there is no reference therein to the misdemeanor bribery statute, ˙then appearing in the Code of 1868 as sec. 5 of chap. 147.   It is not an amendment to or repeal in terms of that or any other statute.   It is new and independent legislation to carry into effect the provisions of sec. 45, Art. VI of the Constitution.   If it be a repeal of the then existing misdemeanor bribery statute, it is only by implication; and repeals by implication are never favored and will never be indulged if there is any other reasonable construction.     25 R. C. L. p. 918; Lewis Sutherland Stat. Construction, (2nd ed.), vol. I, sec. 247.

In arriving. at the intention of the legislature, these two Acts must be considered in pari materia, and ˙effect given to each if there be any reasonable construction which will permit it.   If every officer, either executive or judicial, who accepts a bribe is to be punished as for a felony, then the

misdemeanor act is entirely repealed in so far as executive and judicial officers are concerned.     Members of the legislature who receive bribes are subject to punishment for a felony under sec. 4, chap. 75, Acts. 1872-3 (now sec. 5a (4) of chap. 147, Code), and if sec. 5, chap. 147, Code, has been repealed, then there would be no statutory punishment for any other legislative officer, for instance a member of town or city council who has power to make laws for the government of the town or city.     Clearly sec. 5a (4) does not undertake to include all legislative officers.   It applies solely to "members of the legislature."   Then so far as legislative officers are concerned, except members of the legislature, sec. 5 is not repealed; and to hold that sec. 5 is repealed so far as executive and judicial officers are concerned by sec. 5a (3) would result in making a town councilman guilty of a misdemeanor for accepting a bribe, while a police officer of the same town, or a justice of the peace, would be guilty of a felony for the same offense—a rather anomalous distinction and result, which we do not think was intended by the law making power.

Moreover, these statutes under consideration are penal, and it is a firmly settled rule that penal statutes must be strictly construed.     "They will not be construed to include anything beyond their letter even though within their spirit, and nothing can be added to them by inference or intendment."     25 R. C. L. p. 1081; see also Lewis Sutherland Stat. Construction (2nd ed.) Vol. II. secs.   337,   520-527.   Every   word   and phrase must be given some significance and meaning; and the phrase "any executive or judicial officer *of this State,*" as found in sec. 5a (3) which inflicts punishment for a felony, is quite different from "any executive or judicial officer" as found in sec. 5, which inflicts the misdemeanor penalty. The phrase, "of this State" qualifies the preceding words, and is equivalent to State executive and judicial officers.   This construction is impelled in view of the constitutional mandate and the preceding legislation.

Considering these sections together, we hold that the construction to be given to sec. 5a (3) makes it apply only to executive or judicial officers of the State, such as the gov-

ernor, attorney general, members of the public service commission, commissioner of banking and like officers whose powers or duties extend over the State whether executive or judicial, and does not apply to executive or judicial officers generally and indiscriminately.    Thus we follow the well settled rules of statutory construction, and give life and vigor to each of these two Acts of the legislature, which, on first impression, may seem to conflict.    From what we have said it follows that the petitioner, D. F. Workman, is not guilty of a felony under the facts charged in the indictments,  and that the criminal court of Raleigh County is without jurisdiction to try him thereon as for a felony.    Whether or not he can be tried on these indictments for a misdemeanor, is a question which is not presented to us in this proceeding. The writ of prohibition will issue.

*Writ of Prohibition awarded.*