CULPEPPER *v.* THE STATE.

No. 8443.   NOVEMBER 13, 1931.

*R. A. McGraw,* for plaintiff in error.
*J. F. Hatchett, solicitor,* contra.
HINES, J.   In the view which we take of this case, misnomer

of Ed C. Culpepper is not involved. Misnomer is a mistake in a name, the giving of an incorrect name to a person in an accusation, indictment, pleading, or other instrument. 40 C. J. 1224. Culpepper was not named by misnomer in this accusation. The defect in the accusation is that it did not name Culpepper as the perpetrator of the crime in the charging part thereof or elsewhere therein, by a misnomer or otherwise. The trouble is that it designated a distinct and separate person as the perpetrator of the offense. The surname of the defendant must be alleged in the charging part of the accusation, and its omission therefrom is fatal to the accusation or indictment. 1 Wharton's Crim. Proc. § 139. The clause of an indictment for murder in which the deceased is designated as the perpetrator of the crime can not be regarded as immaterial, where it is the only clause which alleges the infliction of the mortal wound upon the body of the deceased. State *v.* Blan, 69 Mo. 322. Where by mistake in drawing an indictment for murder the name of the person slain was substituted for that of the defendant, whereby it was made to allege the mortal wounding of the deceased by himself, it was held that the error was fatal and incurable. State *v.* Edwards, 70 Mo. 480. Where in an indictment for assault with intent to rape the name of the victim is inserted in the charging part in place of the defendant, the indictment is fatally defective. State *v.* Stephens, 199 Mo. 261 (97 S. W. 860).

The fatal defect in the accusation, so far as Culpepper is concerned, is that it did not designate him by his own proper name or by misnomer as the perpetrator of the offense therein charged. The accusation charges that Ed C. Magruder perpetrated the offense set out therein. There is no pretense that Culpepper was known as Ed C. Magruder. In the question propounded by the Court of Appeals it is stated that "There is a clear inference from the record that the person who prepared the accusation inadvertently wrote therein the surname of the prosecutor, Magruder, instead of the surname of the defendant." It seems clear that when one person is designated in an accusation as the perpetrator of a crime, another person can not be arraigned, tried, and convicted under such accusation. The fact that the person charged in the accusation as the perpetrator of the crime has the given name of the person who is arraigned under the accusation, and

pleads not guilty thereunder in his own proper name and the surname of the prosecutor on the accusation, and that by mistake the prosecutor is named as the perpetrator, does not authorize the trial thereunder of the person so arraigned and pleading not guilty; and as to such party the accusation is null and void. This fatal defect in the accusation was not cured by the fact that the case was stated on the back of the accusation as one of the State against the person so arraigned and so pleading. If Culpepper had been accused, had pleaded, and had been tried and convicted under the name of Ed C. Magruder, although not his own name, it might be true that he could not take advantage of this fact after conviction and on a motion in arrest of judgment or otherwise. State *v.* Valsin, 47 La. Ann. 115, 16 So. 768 (3). In this case, however, Culpepper on arraignment pleaded not guilty to the accusation in his own proper name. So we are of the opinion that the accusation in this case was null and void as to Culpepper and he could not be convicted thereunder, and that a judgment of conviction could be arrested. We answer the question propounded by the Court of Appeals in the affirmative.               *All the Justices concur.*

RUSSELL, C. J., and HILL, J., concur in the result.

GILBERT, J. I concur in the general principles stated by Mr. Justice Hines, but some of them are not required by the question propounded. The only question is: "Under the above-stated facts, was the accusation null and void?" It is the practice of this court to look no further than the question itself for the ascertainment of facts. *Georgian Co.* v. *Jones,* 154 *Ga.* 762-4 (115 S. E. 490); *Central of Georgia Ry. Co.* v. *Evans,* 172 *Ga.* 53, 55 (157 S. E. 213). Under the facts stated, the accusation is not void. It constituted a valid accusation against Ed. C. Magruder, but no accusation whatever as against Ed. C. Culpepper. We can not, under repeated decisions of this court, answer questions of mixed law and fact, or questions dependent upon "inferences" drawn from the facts. I am authorized to say that Mr. Justice Atkinson concurs in these views.