R. P. WORKMAN *v.* GEORGE L. SHAFFER, *Justice, etc.*

(No. 7350)

Submitted May 17, 1932.   Decided May 24, 1932.

*Russell, Hiteshew, Adams & Hill,* for petitioner.
*Ezra E. Hamstead,* for respondents.

HATCHER, PRESIDENT:

In this proceeding the petitioner seeks to prohibit prosecution under a warrant issued by a justice.   The warrant charges that petitioner "did unlawfully advertise, represent and hold forth a sale of goods, wares and merchandise, and did sell and exhibit for sale goods, wares and merchandise, to-wit: goods, wares and merchandise of I. Cohen, a bankrupt, and other like goods, wares and merchandise, and did by circular, handbill, newspaper and other manner advertise such goods, wares and merchandise for sale, without first obtaining state license to carry on the business of itinerant vendor, and did not file a statement under oath with the county clerk and deposit with county clerk the sum of Five Hundred and no/100 ($500.00) Dollars, in violation of Chapter 11, Article 12 of the official Code of West Virginia."

Code 1931, 11-12-85, defines an "itinerant vendor" as one who conducts a "temporary or transient business of selling goods, wares and mechandise". Section 86 requires an itinerant vendor to apply to the clerk of, etc., for a license; section 87 requires a deposit of $500.00 to be made with the

clerk by him; and section 90 makes it a misdemeanor for him to do business without a license, or without "in all other respects complying with the provisions of this article." There is no averment in the warrant that the petitioner is conducting a temporary or transient business of selling merchandise. The charge that he is selling the stock of a bankrupt is not sufficient of itself to denote that the sale is temporary or transient. The warrant assumes that petitioner is an itinerant vendor but does not allege it. The jurisdiction of the justice depends on the warrant. "If there is no offense charged, then there is no jurisdiction." *State* v. *Kindelberger*, 88 W. Va. 131, 133, 106 S. E. 434. Prohibition, being a writ of right, may be invoked regardless of whether a petitioner has other remedies.

Accordingly, the writ will issue.

*Writ issued.*