STATE *ex rel.* DAVID McCORMICK

*v.*

K. K. HALL, JUDGE OF THE CIRCUIT COURT OF LINCOLN COUNTY, *et al.*

(No. 12533)

Submitted January 12, 1966.     Decided February 1, 1966.

*W. Dale Greene, L. Alvin Hunt,* for relator.

*C. Donald Robertson,* Attorney General, *Leo Catsonis,* Assistant Attorney General, for respondents.

HAYMOND, JUDGE:

This is an original proceeding in prohibition instituted in this Court November 23, 1965, in which the petitioner, David McCormick, seeks a writ to prevent the defendants, Honorable K. K. Hall, Judge of the Circuit Court of Lincoln County, and Honorable R. A. Woodall, Prosecuting Attorney of Lincoln County, West Virginia, from proceeding with the prosecution of the petitioner upon an indictment for a felony returned by the grand jury of the Circuit Court of Lincoln County, November 8, 1965, which proceeding, after the circuit court had overruled the motions of the petitioner to dismiss or quash such indictment, was set for trial on December 1, 1965.

Upon the petition, with which a copy of the indictment was filed as an exhibit, this Court issued a rule returnable before this Court on January 12, 1966, to show cause why a writ should not be awarded as prayed for by the petitioner, and ordered that all proceedings sought to be prohibited be suspended until the final determination by this Court of the questions involved in this proceeding.

On the return day of the rule the defendants appeared and filed their answer to the petition and this proceeding

was submitted for decision upon the petition and its exhibits, the answer, and the written briefs of the attorneys in behalf of the respective parties.

The indictment, the sufficiency of which is assailed in this proceeding, excluding the caption, the name of the appearing witness and the signature of the prosecuting attorney, is in this form:

"The Grand Jurors of the State of West Virginia, in and for the body of the County of Lincoln, and now attending said Court, upon their oaths present: That David McCormick on the 22nd day of October, 1965, in the said County of Lincoln in and upon one Raymond Earl Hensley assault did make, and he the said Raymond Earl Hensley did then and there unlawfully, maliciously and feloniously shoot, cut, stab and wound with intent then and there to maim, disfigure, disable and kill him the said Raymond Earl Hensley against the peace and dignity of the State."

The petitioner contends that the indictment fails to charge any crime against him that is cognizable under the laws of this State and that, as the indictment is void for that reason, prohibition lies to prevent the prosecution of the petitioner upon such indictment.

On the contrary the defendants assert that though the use of the pronoun "he" instead of the pronoun "him" is an irregularity, it is merely a grammatical irregularity which does not alter the substance of the allegations of the indictment, or mislead, confuse or prejudice the petitioner, and does not vitiate or render the indictment null and void.

If the indictment fails to charge the petitioner with a crime and, for that reason, is a void indictment the circuit court is without jurisdiction to try the petitioner upon such indictment and prohibition is the proper remedy to prevent the prosecution of the petitioner upon such void indictment. *State ex rel. Workman* v. *Anderson,* 89 W. Va. 1, 109 S. E. 782. See also *State* v. *General Daniel Morgan Post No. 548,* 144 W. Va. 137, 107 S. E. 2d 353; *Workman* v. *Shaffer,* 112 W. Va. 338, 164 S. E. 299; *State ex rel. Constanzo* v. *Kindelberger,* 88 W. Va. 131, 106 S. E. 434; *State* v. *Emsweller,*

78 W. Va. 214, 88 S. E. 787, Annotation II, 102 A. L. R. 299. In *State ex rel. Constanzo v. Kindelberger,* 88. W. Va. 131, 106 S. E. 434, this Court granted a writ of prohibition to prevent the Criminal Court of Ohio County, to which an appeal from a justice had been granted, from trying the accused upon a warrant which did not charge him with a criminal offense. In the opinion this Court used this language: "In all cases, when the inferior court has not jurisdiction of the subject matter in controversy, the writ will lie. This is the very language of the statute, and is but declaratory of the common law. Now what is the rule for determining jurisdiction? Does this warrant charge an offense? If it does, then the criminal court will have jurisdiction to try all matters of law and fact arising therein, unless it should exceed its legitimate powers while doing so. If there is no offense charged, then there is no jurisdiction. But it is argued that the criminal court should first determine whether an offense is charged, and whether it will assume jurisdiction, and, if perchance the court should take jurisdiction, refuse to discharge Constanzo, try the case and find him guilty, then a writ or error would lie, and that procedure would be the proper course, instead of invoking the extraordinary remedy of prohibition. The answer to this is that prohibition is a writ of right, and Constanzo may elect to pursue it rather than invoke some other remedy. By the writ he is given a quick and efficacious remedy, and if the court does not have jurisdiction, he is saved the costs and delays incidental to a jury trial. * * *. Whenever it appears that a court is proceeding in a cause without jurisdiction, prohibition will issue, regardless of the existence of other remedies. *Jennings* v. *Mc-Dougle,* 83 W. Va. 187; *Hatfield* v. *Graham,* 73 W. Va. 759; *Weil* v. *Black,* 76 W. Va. 685; *State* v. *Studebaker,* 80 W. Va. 673. Where the inferior court has not jurisdiction, it may be prohibited from proceeding, though the record does not disclose that the party praying for the petition in any manner asked the inferior court to dismiss the proceeding. *Swinburn* v. *Smith,* 15 W. Va. 483; *Marsh* v. *O'Brien,* 82 W. Va. 508." In *Workman* v. *Shaffer,* 112 W. Va. 338, 164 S. E. 299, this Court held in the syllabus that "When no

offense is charged in the warrant of a justice, he is without jurisdiction to try the accused and prohibition will issue." In the opinion this Court said "If there is no offense charged, then there is no jurisdiction." In Annotation II, 102 A. L. R. 299, the annotator states that when a defect in an indictment is such as to deprive the court of jurisdiction, prohibition is generally held to be an available remedy.

It is well settled that under Section 1, Article 1, Chapter 53, Code, 1931, the writ of prohibition lies as a matter of right in all cases of usurpation and abuse of power when the inferior court does not have jurisdiction of the subject matter in controversy, or, having such jurisdiction, exceeds its legitimate powers. *State ex rel. Zirk v. Muntzing,* 146 W. Va. 878, 122 S. E. 2d 851, 94 A. L. R. 2d 1033; *State ex rel. Heck's, Inc. v. Gates,* 149 W. Va. 421, 141 S. E. 2d 369, and the many cases cited in the *Heck* case.

The contention of the petitioner that the indictment fails to charge him with the commission of any crime and is for that reason void is well taken.

The general rule is set forth in 27 Am. Jur., Indictments and Informations, Section 79, in this language: "A proper and sufficient allegation of the name of the defendant in the charging part of an indictment or information is essential to the validity thereof, and it is the universal rule that the omission of his name therefrom is a fatal and incurable defect." The defect or irregularity in the instant indictment is not a misnomer or a mistake in the name of the defendant but is the substitution of an entirely different and erroneous name for that of the defendant. A misnomer in an indictment is by statute subject to amendment and is defined in *Culpepper v. State,* 173 Ga. 799, 161 S. E. 623, 79 A. L. R. 217, as "a mistake in a name, the giving of an incorrect name to a person in an accusation, indictment, pleading, or other instrument." The substitution of the name of an entirely different person for the name of the defendant in an indictment constitutes a fatal and incurable defect in such indictment even though the inference may be clear that the substitution of the wrong name was inserted for

the true name by mere error or inadvertence. 27 Am. Jur., Indictments and Informations, Section 79.

In *Culpepper* v. *State*, 173 Ga. 799, 161 S. E. 623, 79 A. L. R. 217, an indictment against the defendant Culpepper erroneously designated him in the charging part of the indictment as Magruder, the prosecutor, as the perpetrator of the crime, and the court held that the substitution of the name "Magruder" for the name of the defendant in the charging part of the indictment was not a misnomer but a substitution which rendered the indictment null and void. In the opinion the court said: "The accusation charges that Ed C. Magruder perpetrated the offense set out therein. There is no pretense that Culpepper was known as Ed C. Magruder. In the question propounded by the Court of Appeals it is stated that, 'There is a clear inference from the record that the person who prepared the accusation inadvertently wrote therein the surname of the prosecutor, Magruder, instead of the surname of the defendant.' It seems clear that when one person is designated in an accusation as the perpetrator of a crime, another person cannot be arraigned, tried, and convicted under such accusation. The fact that the person charged in the accusation as the perpetrator of the crime has the given name of the person who is arraigned under the accusation, and pleads not guilty thereunder in his own proper name and the surname of the prosecutor on the accusation, and that by mistake the prosecutor is named as the perpetrator, does not authorize the trial thereunder of the person so arraigned and pleading not guilty; and as to such party the accusation is null and void. This fatal defect in the accusation was not cured by the fact that the case was stated on the back of the accusation as one of the state against the person so arraigned and so pleading."

Here, as in the *Culpepper* case, the name of a person other than the defendant was placed in the charging part of the indictment with the result that such other person instead of the defendant was charged in unequivocal language with having committed an assault upon himself and as the result of the substitution of such other person there is no charge

that the defendant was the perpetrator of the assault. In consequence the indictment does not charge any offense against the defendant.

In *State* v. *Stephens,* 199 Mo. 261, 97 S. W. 860, the indictment charged that the defendant David W. Stephens on the 8th day of August, 1905, in the City of St. Louis, "in and upon one Helen Dillon, the said Helen Dillon being then and there a female child under the age of fourteen years, unlawfully and feloniously did make an assault; and she, the said Helen Dillon, then and there did unlawfully and feloniously, forcibly rape, ravish, and carnally knowing against the will of her, the said Helen Dillon; contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state." In the opinion the court said: "The point is made that the indictment is insufficient. It will be noted that, in the charging part of the indictment, the name of the child assaulted is substituted for that of the defendant, so that it charges her with having committed an assault upon herself. Such a mistake cannot be regarded as immaterial; nor can it be corrected or ignored. The indictment must, therefore, be held bad." The headnote in the *Stephens* case is in this language: "Where, in an indictment for assault with intent to rape, the name of the victim is inserted in the charging part, in place of that of defendant, the indictment is fatally defective."

To the same effect is the earlier Missouri case of *State* v. *Edwards,* 70 Mo. 480. In that case headnote 2 states: "By mistake in drawing an indictment for murder, the name of the person slain was substituted for that of the defendant, whereby it was made to allege a mortal wounding of the deceased by himself. *Held,* a fatal and incurable error." In the opinion the court said: "It is also objected that the indictment is insufficient. It will be observed that in the charging part of the indictment the name of Aaron D. Ogle, the deceased, is substituted for that of the defendant. The clause of the indictment in which the deceased is thus made the actor cannot be regarded as immaterial, inasmuch as it is the only clause which alleges the infliction of the mortal

wound upon the body ‘of the deceased. *State* v. *Blan,* 69 Mo. 322. This mistake can neither be corrected nor ignored, and the indictment must therefore be held to be fatally defective.”

The allegations in the indictments held fatally defective in the *Culpepper, Stephens* and *Edwards* cases are similar in substance and closely resemble the allegation in the charging part of the indictment here under consideration which evidently through mistake avers and charges that the victim, Raymond Earl Hensley, rather than the defendant, David McCormick, “did then and there unlawfully, maliciously and feloniously shoot, cut, stab and wound with intent then and there to main, disfigure, disable and kill him the said Raymond Earl Hensley against the peace and dignity of the State.” The effect of the foregoing allegation can not be distinguished from the effect of the allegations in the indictments in the three above mentioned cases and the decisions in those cases, being persuasive authority and being in all respects sound and correct, apply to and will be followed and adhered to in this proceeding. It follows that an indictment of a defendant for the offense of an assault with intent to maim, disfigure, disable and kill a person which in the charging part of such indictment through mistake or inadvertence designates the victim instead of the defendant as the perpetrator of the assault is fatally and incurably defective and for that reason is null and void; and, as the court to which a void indictment is returned does not have jurisdiction to try a person so indicted, prosecution of a defendant upon such void indictment will be prevented by a writ of prohibition.

The writ of prohibition, as prayed for, is awarded.

*Writ awarded.*