**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Allen Farrel JONES,
Defendant-Appellant.**

**No. KCD 29778.**

Missouri Court of Appeals,
Kansas City District.

July 31, 1978.

Jefferson G. Broady, Rock Port, for defendant-appellant.

Bernard W. Gorman, Tarkio, for plaintiff-respondent.

Before SOMERVILLE, P. J., and DIXON and TURNAGE, JJ.

DIXON, Judge.

The defendant Allen Farrel Jones appeals his conviction for stealing under Fifty Dollars ($50.00) and a jury-imposed fine of Five Hundred Dollars ($500.00). Defendant's claim that the information was fatally defective is dispositive of the case and the judgment of conviction is reversed.

A very short statement of facts will serve to focus the issue. The evidence at trial showed that Allen Farrel Jones and one Paul Humphrey removed some copper wire from the premises of a third person and

fled the scene upon detection of the theft. Humphrey testified against Jones in the instant case. The difficulty arises because the information upon which the State proceeded no where mentions the defendant Allen Farrel Jones. The information in its entirety makes absolutely no mention of Jones but contains the name of Paul Humphrey in its caption and in the charging portions of the information. After the State rested its case, the defendant moved for a directed verdict, pointing out that the information totally failed to name the defendant. After refusal of the directed verdict upon the basis of a defective information, defendant offered no evidence and properly raised the issue of the defective information in a motion for a new trial which was overruled. It is to be noted that there is no contention in this case that this was a misnomer situation or that Allen Farrel Jones ever used as a pseudonym Paul Humphrey. It is purely a situation where another and different individual was charged in the information under which the defendant Allen Farrel Jones was tried.

■ Where the name of another person is substituted by mistake or inadvertence for the defendant's name in the charging or accusing part of an indictment, information, or accusation, it is universally held that the indictment, information, or accusation is fatally and incurably defective. *State v. Stephens,* 199 Mo. 261, 97 S.W. 860 (Mo.1906); *State v. Manning,* 168 Mo. 418, 68 S.W. 341 (1902); *State v. Edwards,* 70 Mo. 480 (1879); *State v. Hall,* 150 W.Va. 385, 146 S.E.2d 520 (1966); *Culpepper v. State,* 173 Ga. 799, 161 S.E. 623 (1931); *State v. Rude,* 83 S.D. 550, 162 N.W.2d 884 (1968); 41 Am.Jur.2d, Indictments and Informations, § 130, p. 962; 41 Am.Jur.2d, Indictments and Informations, § 128, p. 961; 42 C.J.S. Indictments and Informations § 127, p. 1015; 79 A.L.R. 219, "Substitution by mistake of name of person other than defendant for defendant's name in indictment, information or other criminal accusation."

■ A sufficient indictment or information is an indispensable prerequisite to a valid verdict, judgment, and sentence.

*State v. DiLiberto,* 537 S.W.2d 671 (Mo.App. 1976). Where an information is null and void and without legal effect, the trial court is without jurisdiction and its proceedings are a nullity. *State v. Hasler,* 449 S.W.2d 881 (Mo.App.1969); *City of Florissant v. Rouillard,* 510 S.W.2d 185 (Mo.App.1974); *State v. Rude, supra.*

■ The information being fatally defective and the trial court without jurisdiction, the judgment of conviction must be reversed.

All concur.