107 S.E.2d 353 (1959)
STATE of West Virginia
v.
GENERAL DANIEL MORGAN POST NO. 548 VETERANS OF FOREIGN WARS of the United States, a Corporation, Domenick L. Bonfili and Andy Pastoria.
No. 11009.
Supreme Court of Appeals of West Virginia.
Submitted February 3, 1959.
Decided March 3, 1959.
*355 W. W. Barron, Atty. Gen., Stanley R. Cox, Jr., Pros. Atty., Monongalia County, Morgantown, for plaintiff in error.
Minter L. Wilson, Clark B. Frame, Morgantown, for defendant in error.
HAYMOND, Judge.
At the regular April Term 1958 of the Circuit Court of Monongalia County, the defendant Andy Pastoria was indicted for a felony by the grand jury attending that term of court. The offense charged in the indictment is that in January 1958, in Monongalia County, West Virginia, the defendant, well knowing that Charles J. Whiston was the Sheriff of that county, did wilfully, maliciously, unlawfully and feloniously, counsel, aid, abet and procure General Daniel Morgan Post No. 548, Veterans of Foreign Wars of the United States, a corporation, and Domenick L. Bonfili to commit a felony in that they did pay the sum of $100.00 to Charles J. Whiston, Sheriff of that county, to influence him not to enforce the laws of this State relating to gambling and sales of intoxicating liquor at the premises of the General Daniel Morgan Post No. 548, Veterans of Foreign Wars of the United States, a corporation, in that county.
The defendant moved to quash the indictment and the State filed its answer to the motion to quash. By final order entered June 25, 1958, the circuit court sustained the motion of the defendant, held the indictment to be fatally defective, and discharged the defendant, unless the State should apply for a writ of error from this Court within thirty days from the entry of the order quashing the indictment.
Upon the application of the Attorney General of this State and the Prosecuting Attorney of Monongalia County, in behalf of the State, filed July 22, 1958, this Court granted this writ of error and supersedeas on September 8, 1958, under Section 30, Article 5, Chapter 58, Code, 1931, which provides for a writ of error by this Court to any order or judgment of a circuit court in any criminal case in which an indictment has been held to be bad or insufficient upon application in behalf of the State if presented within thirty days from the entry of such order or judgment. See State v. O'Brien, 102 W.Va. 83, 134 S.E. 464; State v. Younger, 130 W.Va. 236, 43 S.E.2d 52.
The indictment is based upon Section 4, Article 5, Chapter 61, Code, 1931. This section was prepared by the Revisers of that Code as a composite of Sections 4, 5a (1) and 5a(2) of Chapter 147, Code, 1923, for the purpose, as stated in their note to the section, of making all bribery a felony instead of a misdemeanor with respect to certain public officers under Section 4 of Chapter 147, Code, 1923. The present statute, Section 4, Article 5, Chapter 61, Code, 1931, to the extent pertinent, provides that any person who shall bribe, or attempt to bribe, by directly or indirectly giving to or bestowing upon any executive, legislative, judicial, or ministerial officer "of this State", or any member of the legislature, any gift, gratuity, money, testimonial or other valuable thing, in order to influence him in the performance of any of his official, public duties, or with intent to influence his act, vote, opinion, decision or judgment on any matter, question, cause *356 or proceeding which may by law come or be brought before him in his official capacity, shall be guilty of a felony, and, upon conviction, shall be imprisoned in the penitentiary not less than one year nor more than ten years and be forever disqualified from holding any office or position of honor, trust or profit in this state. (Italics supplied).
When the Revisers prepared Section 4, Article 5, Chapter 61, Code, 1931, they also prepared Section 5 of the same article and chapter as a composite of Sections 5, 5a(3), and 5a (4) of Chapter 147, Code, 1923, for the purpose, as stated in their note to the section, of making the violation of the section by any executive, legislative, judicial or ministerial officer, or member of the legislature, a felony. Section 5 in effect provides that any executive, legislative, judicial or ministerial officer, or member of the legislature, who shall demand, receive or accept any gift, gratuity, money, testimonial or other valuable thing, from any person, company or corporation, under an agreement or understanding that his vote, opinion, judgment or decision shall be given or withheld in any particular manner upon a particular side of any question, cause or proceeding, which is, or may be by law brought before him in his official capacity, or that he will fail to perform or improperly perform any of his official, public duties, shall be guilty of a felony, and, upon conviction, shall be confined in the penitentiary not less than one year nor more than ten years, and shall also forfeit his office and be forever disqualified from holding any office or position of honor, trust or profit in this state.
Section 5, Article 5, Chapter 61, Code, 1931, modified and reenacted Sections 4, 5a(3) and 5a(4) of Chapter 147, Code, 1923. Under Section 4 any executive, legislative, or judicial officer who accepted a bribe was guilty of a misdemeanor; under Section 5a(3) any executive or judicial officer of this state who demanded or received a bribe was guilty of a felony; and under Section 5a(4) any member of the legislature who demanded or received a bribe was likewise guilty of a felony. Any person convicted under Section 5a(3) or Section 5a(4) was subject to imprisonment in the penitentiary for not less than five years nor more than ten years and was forever disqualified from holding any office or position of trust or honor in this state.
It is significant that the present statute, Section 4, Article 5, Chapter 61, Code, 1931, which provides that any person who shall bribe or attempt to bribe certain public officers shall be guilty of a felony, expressly designates the officers covered by the section as any executive, legislative, judicial, or ministerial officer of this state, or any member of the legislature. In that respect, the language of the section is similar to that contained in Sections 5a(1) and 5a(2) of Chapter 147, Code, 1923, in each of which the officers covered by the section are designated as any executive or judicial officer of this state or any member of the legislature. It is also significant that in the present statute, Section 5, Article 5, Chapter 61, Code, 1931, the officers who demand or accept a bribe are referred to generally as any executive, legislative, judicial or ministerial officer, or member of the legislature, and, unlike in Section 4, they are not designated as any executive, legislative, judicial or ministerial officer of the state and that the words "of this State" are omitted from the section.
To determine the sufficiency of the indictment against the defendant it is necessary to consider the effect of the provision that any executive, legislative, judicial or ministerial officer of this state, in Section 4 of the present statute, and of the omission of the words "of this State" concerning the executive, legislative, judicial, or ministerial officers mentioned in Section 5 of the present statute, in ascertaining the intent of the Legislature in enacting Section 4.
In State ex rel. Workman v. Anderson, 89 W.Va. 1, 109 S.E. 782, this Court said *357 that the language of Section 5a(3) of Chapter 147, Code, 1923, relating to any executive or judicial officer of this state, was entirely different from the language of Section 5 of the same chapter relating to any executive or judicial officer and that the phrase "of this state" qualified the officers mentioned in Section 5a(3) and meant state executive and judicial officers and did not mean or apply to executive or judicial officers generally. In that case a commissioner of the county court of Raleigh County, a county officer as distinguished from a state officer, was indicted for a felony under Section 5a(3) in accepting bribes in connection with the performance of his official duty. This Court, applying the well established rule that criminal statutes, being penal in character, must be strictly construed and recognizing the requirement that every word and phrase of the statute must be given some significance and meaning, held that the section applied only to state executive and judicial officers and did not apply to executive or judicial officers generally, or to a county officer such as a commissioner of a county court; that the defendant under the facts charged in the indictment was not guilty of a felony; and that the circuit court of Raleigh County was without jurisdiction to try him for a felony upon the indictments.
The legal effect of the enactment of Section 4, Article 5, Chapter 61, Code, 1931, was to repeal Section 4 of Chapter 147, Code, 1923, which made the bribery of any executive, legislative, judicial, or ministerial officer, other than state officers of that character and members of the legislature, by any person, a misdemeanor, and to abolish that statutory offense of bribery. A subsequent statute, which revises the entire subject matter of a former statute and which is evidently intended as a substitute for such former statute, operates to repeal the former statute even though such subsequent statute does not contain express words to that effect. Taylor v. State Compensation Commissioner, 140 W.Va. 572, 86 S.E.2d 114; Thacker v. Ashland Oil and Refining Company, 129 W.Va. 520, 41 S.E.2d 111; State v. Hinkle, 129 W.Va. 393, 41 S.E.2d 107; Elite Laundry Company v. Dunn, 126 W.Va. 858, 30 S.E.2d 454; Farmers' and Merchants' Bank of Reedsville v. Kingwood National Bank, 85 W.Va. 371, 101 S.E. 734; Grant v. Baltimore and Ohio Railroad Company, 66 W.Va. 175, 66 S.E. 709; State v. Harden, 62 W.Va. 313, 58 S.E. 715, 60 S.E. 394; State v. Mines, 38 W.Va. 125, 18 S.E. 470; Herron v. Carson, 26 W.Va. 62.
The repeal of Section 4 of the statute revived or gave force and effect to the common law crime of bribery. That section was declaratory of the common law. When a statute repeals the common law and the statute itself is subsequently repealed, the common law is revived and when a statute which is declaratory of the common law is repealed the common law remains in force for the reason that the statute was an affirmance of the common law. Harper v. Middle States Loan, Bldg. & Const. Co., 55 W.Va. 149, 46 S.E. 817, 2 Ann.Cas. 42; State v. Mines, 38 W.Va. 125, 18 S.E. 470; Rose and Company v. Brown, 11 W.Va. 122; Insurance Company of the Valley of Virginia v. Barley's Adm'r, 16 Grat., Va., 363; Booth v. The Commonwealth, 16 Grat., Va., 519; Moseley v. Brown, 76 Va. 419; Nickels v. Kane's Adm'r, 82 Va. 309; 50 Am.Jur., Statutes, Section 525.
At common law, all forms of bribery, except bribery of a judge in connection with a cause pending before him, were misdemeanors punishable by fine and imprisonment. State ex rel. Workman v. Anderson, 89 W.Va. 1, 109 S.E. 782; People v. Peters, 265 Ill. 122, 106 N.E. 513, Ann.Cas.1916A, 813; 8 Am.Jur., Bribery, Section 5; 11 C.J.S. Bribery § 2 a; Bishop's New Criminal Law, Vol. 2, Section 87. The distinction between bribery and an attempt to bribe was of very little practical importance at common law, and the offer to bribe though unaccompanied by acceptance or delivery of the gift or reward was indictable and punishable the *358 same as if there had been both acceptance and delivery. People v. Peters, 265 Ill. 122, 106 N.E. 513, Ann.Cas.1916A, 813; State v. Ellis, 33 N.J.L. 102, 97 Am.Dec. 707; Rudolph v. State, 128 Wis. 222, 107 N.W. 466, 116 Am.St.Rep. 32.
Notwithstanding the belief of the revisers of the Code of 1931 that the enactment of Section 4, Article 5, Chapter 61, Code, 1931, made the offense of bribery by any person of any executive, legislative, judicial, or ministerial officer and the offense of attempting to bribe any such officer by any person a felony, it is clear that the legislature, in enacting that section of the statute, intended to limit and restrict its application by the use of the words "of this State", to state executive, legislative, judicial, or ministerial officers and to members of the legislature, and did not intend that it should apply to all or any other executive, legislative, judicial or ministerial officers. In enacting the section the legislature was presumed to know the language employed in the former statute, Section 4 of Chapter 147, Code, 1923, and the construction placed upon the words "of this State" as used in Section 5a(3) of Chapter 147, Code, 1923, by this Court in State ex rel. Workman v. Anderson, 89 W.Va. 1, 109 S.E. 782, decided in 1921, nearly ten years before the enactment of Section 4, Article 5, Chapter 61, Code, 1931, Moran v. Leccony Smokeless Coal Company, 122 W. Va. 405, 10 S.E.2d 578, 136 A.L.R. 1007, certiorari denied, 311 U.S. 714, 61 S.Ct. 396, 85 L.Ed. 465; and in incorporating in that section dealing with the same subject the words "of this State", which were not contained in Section 4 of the former statute, it must be presumed that a change of the law was intended. The legislature must be presumed to know the language employed in former acts, and, if in a subsequent statute dealing with the same subject it uses different language concerning that subject, it must be presumed that a change in the law was intended. Hall v. Baylous, 109 W.Va. 1, 153 S.E. 293, 69 A.L.R. 527.
In the interpretation of a statute, the legislative intention is the controlling factor; and the intention of the legislature is ascertained from the provisions of the statute by the application of sound and well established canons of construction. 50 Am.Jur., Statutes, Sections 223 and 224. The only mode in which the will of the legislature is spoken is in the statute itself. In the construction of statutes, it is the legislative intent manifested in the statute that is important and such intent must be determined primarily from the language of the statute. It is the duty of the courts to give a statute the interpretation called for by its language when this can reasonably be done; and the general rule is that no intent may be imputed to the legislature other than that supported by the face of the statute itself. The courts may not speculate as to the probable intent of the legislature apart from the words employed. A statute is to be taken, construed and applied in the form in which it is enacted. 50 Am.Jur., Statutes, Section 227. It is not the province of the courts to make or supervise legislation, and a statute may not, under the guise of interpretation, be modified, revised, amended, distorted, remodeled, or rewritten, or given a construction of which its words are not susceptible, or which is repugnant to its terms which may not be disregarded. 50 Am.Jur., Statutes, Section 228. Generally the words of a statute are to be given their ordinary and familiar significance and meaning, and regard is to be had for their general and proper use. Slack v. Jacob, 8 W.Va. 612.
The provisions of Section 4, Article 5, Chapter 61, Code, 1931, relating to bribery of any executive, legislative, judicial, or ministerial officers of this state and to an attempt to bribe any such officer, by any person, are clear and free from ambiguity and for that reason are not subject to judicial interpretation. When a statute is clear and unambiguous and the legislative intent is plain, the statute should not be interpreted by the courts, and in such *359 case it is the duty of the courts not to construe but to apply the statute. Medical Care, Inc. v. Chiropody Association of West Virginia, 141 W.Va. 741, 93 S.E.2d 38; State v. Abdella, 139 W.Va. 428, 82 S.E.2d 913; Lane v. Board of Trustees of Employees' Retirement and Benefit Fund, 139 W.Va. 878, 82 S.E.2d 179; State v. Chittester, 139 W.Va. 268, 79 S.E.2d 845; State ex rel. Mountain Fuel Company v. Trent, 138 W.Va. 737, 77 S.E.2d 608; Appalachian Electric Power Company v. Koontz, 138 W.Va. 84, 76 S.E.2d 863; Douglass v. Koontz, 137 W.Va. 345, 71 S. E.2d 319; State v. Epperly, 135 W.Va. 877, 65 S.E.2d 488; Raynes v. Nitro Pencil Company, 132 W.Va. 417, 52 S.E.2d 248; Hereford v. Meek, 132 W.Va. 373, 52 S. E.2d 740; The Baird-Gatzmer Corporation v. Henry Clay Coal Company, 131 W.Va. 793, 50 S.E.2d 673; State ex rel. Department of Unemployment Compensation v. Continental Casualty Company, 130 W.Va. 147, 42 S.E.2d 820; State ex rel. McLaughlin v. Morris, 128 W.Va. 456, 37 S.E.2d 85; Barnhart v. State Compensation Commissioner, 128 W.Va. 29, 35 S.E.2d 686; State v. Conley, 118 W.Va. 508, 190 S.E. 908; Pettry v. State Compensation Commissioner, 111 W.Va. 409, 163 S.E. 16; State v. Patachas, 96 W.Va. 203, 122 S.E. 545; State v. Crawford, 83 W.Va. 556, 98 S.E. 615; 50 Am.Jur., Statutes, Section 225.
In applying a clear and unambiguous statute its words should be given their ordinary acceptance and significance and the meaning commonly attributed to them. State ex rel. Department of Unemployment Compensation v. Continental Casualty Company, 130 W.Va. 147, 42 S.E.2d 820. See also Moran v. Leccony Smokeless Coal Company, 122 W.Va. 405, 10 S.E.2d 578, 136 A.L.R. 1007, certiorari denied, 311 U.S. 714, 61 S.Ct. 396, 85 L.Ed. 465. Whether those plain and unambiguous statutory provisions, in limiting their application to state executive, legislative, judicial, or ministerial officers, and members of the legislature, instead of making them applicable to executive, legislative, judicial, or ministerial officers generally and indiscriminately, are wise or desirable, or unwise or undesirable, is a matter of policy which is not subject to judicial determination. The remedy for the omission from the statute of all or any executive, legislative, judicial, or ministerial officers, other than state officers of that character, and members of the legislature, if need of a remedy there be, may be obtained from the legislature but not from the courts. On this point, in giving effect to a plain and un ambiguous statute, in Vest v. Cobb, 138 W. Va. 660, 76 S.E.2d 885, this Court said: "This Court should not, and will not, control the policy of the Legislature in the valid exercise of the police power of the State pertaining to the public health. Our duty is simply to interpret the statutes of this State when they involve inconsistent provisions, and to apply the statutes when they are clear and unambiguous; * * *." See Medical Care, Inc. v. Chiropody Association of West Virginia, 141 W.Va. 741, 93 S.E.2d 38; Lane v. Board of Trustees of Employees' Retirement and Benefit Fund, 139 W.Va. 878, 82 S.E.2d 179; State ex rel. Mountain Fuel Company v. Trent, 138 W.Va. 737, 77 S.E.2d 608; Tweel v. West Virginia Racing Commission, 138 W.Va. 531, 76 S.E.2d 874, appeal dismissed, 346 U.S. 869, 74 S.Ct. 123, 98 L.Ed. 379; Wilson v. Hix, 136 W.Va. 59, 65 S.E.2d 717; Slack v. Jacob, 8 W.Va. 612.
Though Section 4, Article 5, Chapter 61, Code, 1931, being clear and unambiguous, is, for that reason, not subject to judicial interpretation but instead should be applied and enforced by the courts, it is pertinent to observe that a cardinal rule of statutory construction is that significance and effect must, if possible, be given to every section, clause, word or part of the statute. State v. Jackson, 120 W.Va. 521, 199 S.E. 876; Wilson v. Hix, 136 W.Va. 59, 65 S.E.2d 717; State ex rel. Watson v. Rodgers, 129 W.Va. 174, 39 S.E.2d 268; Long Flame Coal Company v. State Compensation Commissioner, 111 W.Va. 409, *360 163 S.E. 16; Vinson v. County Court of Wayne County, 94 W.Va. 591, 119 S.E. 808; State ex rel. Workman v. Anderson, 89 W. Va. 1, 109 S.E. 782; State ex rel. Churchman v. Hall, 86 W.Va. 1, 102 S.E. 694; State ex rel. Herald v. Surber, 83 W.Va. 785, 99 S.E. 187; State v. Harden, 62 W. Va. 313, 58 S.E. 715, 60 S.E. 394; Building and Loan Association v. Sohn, 54 W.Va. 101, 46 S.E. 222. In 17 M.J., Statutes, Section 42, the text contains these statements: "In the interpretation of a statute, effect shall be given, if possible, to every section, clause, word or part of the statute. Under the usual and elementary rules of construction, the language of a statute must be construed so as to give that language some meaning where it is possible to do so, without doing violence to the clear intent and purpose of the enactment. It is one of the fundamental rules of construction of statutes that the intention of the legislature is to be gathered from a view of the whole and every part of the statute taken and compared together, giving to every word and every part of the statute, if possible, its due effect and meaning, and to the words used their ordinary and popular meaning, unless it plainly appears that they were used in some other sense. If the intention of the legislature can be thus discovered, it is not permissible to add to or subtract from the words used in the statute. Every part of an act is presumed to be of some effect and is not to be treated as meaningless unless absolutely necessary. * * *. Courts are justified in rejecting any part of a statute as unnecessary and irrelevant only as the last resort when it has been found impossible to give effect to all the language used and reach a rational conclusion. * * *."
The result of the repeal of Section 4 of Chapter 147, Code, 1923, by the enactment of Section 4, Article 5, Chapter 61, Code, 1931, is that it is not an offense under that section for any person to bribe or attempt to bribe any executive, legislative, judicial, or ministerial officer, other than a state officer of that character and a member of the legislature, as the provisions of Section 4 of the present statute apply only to any person who bribes or attempts to bribe any executive, legislative, judicial, or ministerial officer of this state or any member of the legislature; and under that section it is neither a felony nor a misdemeanor for any person to bribe or attempt to bribe any executive, legislative, judicial, or ministerial officer, other than a state officer of that character and a member of the legislature. In this State, however, any person who bribes or attempts to bribe any executive, legislative, judicial, or ministerial officer, other than a state officer of that character and a member of the legislature, commits the offense of bribery at common law which, as already indicated, except bribery of a judge in relation to a cause pending before him, is a misdemeanor punishable by fine and imprisonment.
As the indictment in this case does not charge the defendant with the commission of a felony it is fatally defective as an indictment for an offense of that character, and the defendant can not be tried for a felony upon that indictment.
The judgment of the Circuit Court of Monongalia County is affirmed.
Affirmed.