# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**WAYNE R. LOWRY,**
**Claimant Below, Petitioner**

**FILED**
**November 18, 2015**
released at 3:00 p.m.
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 13-1125 (BOR Appeal No. 2048469)**
**(Claim No. 2011008583)**

**WEST VIRGINIA OFFICE OF INSURANCE COMMISSIONER**
**and TEAM ENVIRONMENTAL LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

The petitioner, Wayne R. Lowry, through Christopher J. Wallace, his counsel, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board"). The respondent, Team Environmental LLC, by Lucinda Fluharty, its counsel, filed a timely response.

This appeal arises from the Final Order dated October 7, 2013, in which the Board reversed the June 5, 2013, order of the Workers' Compensation Office of Judges ("OOJ") which established Mr. Lowry's daily rate of pay at $128.00.

This Court has considered the parties' briefs and the record on appeal, as well as the oral arguments of counsel. The facts and legal arguments are adequately presented. Upon consideration of the standard of review, the briefs, the arguments of counsel and the record presented, the Court finds that the Board of Review's decision was based upon a violation of a statutory provision. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the West Virginia Rules of Appellate Procedure and is appropriate for a memorandum decision reversing the Board's order. For the reasons expressed below, the October 7, 2013, order is reversed, and the matter is remanded for reinstatement of the OOJ's June 5, 2013, order.

Mr. Lowry was injured in the course of his employment for the respondent. Mr. Lowry was struck by and run over by a pickup truck while removing a well lid. He suffered injuries to his left leg and right shoulder. The claim was ruled compensable and Mr. Lowry began receiving temporary total disability benefits ("TTD"). This appeal

1

centers on how to calculate Mr. Lowry's daily wage, the basis upon which his Workers' Compensation benefits are established.[1]

Mr. Lowry submitted his claim and based his weekly wage on the basis of earning $16.00 per hour, for a forty-hour work week.[2] The day before his injury, Mr. Lowry had worked in excess of eight hours for the respondent. On the day of the injury, Mr. Lowry was scheduled to work at least eight hours. He had additional work scheduled at the conclusion of that day's tasks. Mr. Lowry contended that his daily rate of pay should be calculated by multiplying a forty-hour work week by his hourly rate of pay, and then dividing that number by a five-day work week, for a daily rate of pay of $128.00, and a corresponding average weekly wage of $640.00.

The Claims Administrator ("CA") did not calculate Mr. Lowry's daily rate of pay in this manner. Instead, the CA relied upon the statement of Carson Chenoweth, the owner of Team Environmental LLC, that Mr. Lowry was not a full-time employee and was instead, a contractor whose work was intermittent.[3] The CA reviewed the 2008 1099-MISC form that showed payments to Mr. Lowery in 2007. No wage records or 1099-MISC forms were found for 2009 and 2010. The CA also reviewed checks showing payments to Mr. Lowry in late 2010 through February of 2011.[4] The CA then calculated Mr. Lowry's rate of pay based upon his earnings in the fourth quarter of 2010, which was the highest-paid quarter of the year preceding the quarter of the year in which

---

[1] W. Va. Code § 23-4-14(a) (2005) states, in pertinent part, that "[t]he average weekly wage earnings, wherever earned, of the injured person . . . and the average weekly wage in West Virginia as determined by the commission . . . shall be taken as the basis upon which to compute the benefits."

[2] Mr. Lowry stated in an affidavit that he was paid between $ 16.00 and $ 20.00 an hour. He did not assert the higher rate of pay throughout the appeal of this matter and does not appear to contest the finding that his hourly wage was $ 16.00

[3] The respondent does not continue its argument that Mr. Lowry was an independent contractor not eligible for workers' compensation benefits. As stated, the issue before this Court is whether Mr. Lowry's TTD benefits were based upon his correct earnings.

[4] The checks reviewed consisted of a check dated October 1, 2010, for $600.00; a check dated October 12, 2010, for $ 1, 200.00; a check dated October 23, 2010, for $800; a check dated November 19, 2010, for $ 2,500.00; a check dated December 11, 2010, for $ 2,000; a check dated December 22, 2010, for $ 725.00; a check dated January 28, 2011, for $ 500.00; a check dated February 3, 2011, for $656.00 and a check dated February 11, 2010, for $690.00. None of these checks detailed hours worked or Mr. Lowry's hourly rate.

the injury happened. The total amount of wages paid to Mr. Lowry during this quarter was $7,825.00. The CA then converted this number to an average weekly wage of $595.38.

Mr. Lowry appealed the CA's decision to the OOJ. In support of his contention that his average weekly wage should be $640.00, Mr. Lowry submitted Mr. Chenoweth's October 25, 2012, deposition that Mr. Lowry was generally paid $16.00 an hour. Mr. Chenoweth also testified that he did not keep time records for Mr. Lowry that differentiated the times when Mr. Lowry was outside of the office working or when he was working at the office. The employer submitted additional portions of this deposition of Mr. Chenoweth in which he testified that Mr. Lowry was not an employee on his payroll at the time of this incident but was in fact a sub-contracted employee who worked under his direction.

Relying upon W. Va. Code § 23-4-14(b) (2005), the OOJ found by a preponderance of the evidence that Mr. Lowry's average weekly wages should be based upon a $16.00 an hour wage for a forty-hour work week. The OOJ found that Mr. Chenoweth's testimony showed that Mr. Lowry was working "all day" with him in Cleveland on February 15, 2011, the day prior to the injury. Further, the OOJ found that Mr. Lowry had worked "at least an eight (8) hour workday at the time of" his injury. The respondent appealed that decision to the Board.

By order entered October 7, 2013, the Board reversed the OOJ's decision. The Board held that the OOJ's decision was clearly wrong when it found that Mr. Lowry was working a forty-hour work week at the time of his injury. The Board determined that the OOJ's decision was speculative and based upon too narrow of a time-frame. The Board relied upon the affidavit of Mr. Chenoweth, the 1099-MISC forms showing Mr. Lowry's earnings, and Mr. Chenoweth's deposition testimony in the separate civil action in rendering its decision. The Board concluded that the preponderance of the evidence established that Mr. Lowry worked sporadically and did not have a daily rate of pay of $128.00 at the time of his injury. Therefore, the CA's averaging of Mr. Lowry's earnings was reinstated.

This appeal centers on the meaning and application of W.Va. Code § 23-4-14(b)(2). This code section details how workers' compensation benefits are to be calculated. Specifically, this section states:

> On and after the first day of July, one thousand nine hundred ninety-four, the expression "average weekly wage earnings, wherever earned, of the injured person, at the date of injury", within the meaning of this chapter, ***shall be computed*** *based upon the daily rate of pay at the time of the injury **or** upon the weekly average derived from the best*

3

*quarter of wages out of the preceding four quarters of wages* as reported to the commission pursuant to subsection (b), section two, article two of this chapter [§ 23-2-2], ***whichever is most favorable to the injured employee,*** except for the purpose of computing temporary total disability benefits for part-time employees pursuant to the provisions of section six-d of this article [§ 23-4-6 d].

(Emphasis added).  Mr. Lowry argued that the daily rate of pay upon which his average weekly wage earnings should be based is best calculated by multiplying his hourly wage by a typical forty-hour work week.  The employer argued that because Mr. Lowry does not have a daily rate of pay but instead, was paid hourly, W.Va. Code § 23-4-14(b)(2) authorized use of the averaging of the highest quarter of earnings prior to the date of the injury. The amount in controversy is approximately $44.62 per week in benefits, representing the difference between the rate argued by Mr. Lowry and the rate argued by the employer. Neither party has cited any substantial authority or precedent in which this statute was interpreted or applied.

"Generally the words of a statute are to be given their ordinary and familiar significance and meaning, and regard is to be had for their general and proper use", Syl. pt. 4, *State v. General Daniel Morgan Post. No 548, Veterans of Foreign Wars*, 144 W. Va. 137, 107 S.E.2d 353 (1959).  The Legislature clearly anticipated situations such as this and provided a statutory means to resolve such disputes. Giving the words in this statute their ordinary and familiar meaning, the language of W. Va. Code § 23-4-14(b)(2) provides that in choosing between computing an injured worker's benefits using his or her daily rate of pay or the weekly average derived from the best quarter of wages of the preceding four quarters, the computation which must be used is the one which is "most favorable to the injured employee."  The daily rate of pay most favorable to Mr. Lowry is the one proposed by him.  The evidence submitted by the employer is insufficient to find differently. This is a clear statutory directive that was not followed by the Board when it reversed the OOJ's order of June 5, 2013. Moreover, we observe that the respondent fails to cite this Court to any law to the contrary. This error therefore requires that the Board's order be reversed and the OOJ order be reinstated.

For the foregoing reasons, the decision rendered October 7, 2013, by the Board is hereby reversed, and this claim is remanded for reinstatement of the OOJ's order of June 5, 2013.

Reversed and Remanded.

**ISSUED:  November 18, 2015**

4

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II