# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

vs) **No. 15-0372** (Mercer County 14-F-319)

**Trayvon Strange,**
**Defendant Below, Petitioner**

**FILED**

January 11, 2016
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

## MEMORANDUM DECISION

Petitioner Trayvon Strange, by counsel David C. Smith and Gregory K. Ball, appeals the Circuit Court of Mercer County's March 25, 2015, order sentencing him to a term of incarceration for life with the recommendation of mercy. The State of West Virginia, by counsel Shannon Fredrick Kiser, filed a response in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in finding that he was not eligible for sentencing at the Anthony Correctional Center.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

In October of 2014, a Mercer County grand jury indicted petitioner on one count of first-degree murder. This charge stems from an incident wherein petitioner shot Steven Rhodes in the head following an argument about a lightbulb in their apartment complex. In January of 2015, petitioner agreed to plead guilty to one count of first-degree murder, in violation of West Virginia Code § 61-2-2. In exchange for his guilty plea, the State agreed to recommend mercy during sentencing. Thereafter, as part of the pre-sentence investigation report, the probation officer stated that petitioner "being [twenty years old] would, therefore, is [sic] eligible for sentencing as a youthful offender at the Anthony Correctional Center[.]"

In March of 2015, the circuit court held a sentencing hearing. At the outset of the hearing, the circuit court noted that pursuant to West Virginia Code § 25-4-6, petitioner was not eligible for sentencing at the Anthony Correctional Center. West Virginia Code § 25-4-6 provides that "[t]he circuit court may suspend the imposition of sentence of any young adult, as defined in this section, convicted of or pleading guilty to a felony offense, other than an offense punishable by life imprisonment." Based on its ruling, the circuit court allowed petitioner the opportunity to confer with his counsel and the opportunity to withdraw his guilty plea. Thereafter, petitioner

1

agreed to proceed upon his guilty plea. Ultimately, the circuit court sentenced petitioner to incarceration for life with mercy. It is from this order that petitioner now appeals.

This Court generally "'reviews sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands.' Syl. Pt. 1, in part, *State v. Lucas*, 201 W.Va. 271, 496 S.E.2d 221 (1997)." Syl. Pt. 1, *State v. James*, 227 W.Va. 407, 710 S.E.2d 98 (2011). However, "'[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review.' Syl. Pt. 4, *State v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504 (1982))." Syl. Pt. 10, *State v. Payne*, 225 W .Va. 602, 694 S.E.2d 935 (2010).

On appeal, petitioner argues that the circuit court erred in ruling that he was not eligible for sentencing at the Anthony Correctional Center. Specifically, petitioner asserts that he was eligible for sentencing at the Anthony Correctional Center because a life sentence with the recommendation of mercy does not equate to a "life sentence."

We have held that "[w]hen a statute is clear and unambiguous and the legislative intent is plain, the statute should not be interpreted by the courts, and in such case it is the duty of the courts not to construe but to apply the statute." Syl. Pt. 5, *Liberty Mut. Ins. Co. v. Morrisey*, -- W.Va. --, 760 S.E.2d 863 (2014) (quoting Syl. Pt. 5, *State v. General Daniel Morgan Post No. 548, V.F.W.*, 144 W.Va. 137, 107 S.E.2d 353 (1959)). Because the language of West Virginia Code § 25-4-6 clearly and unambiguously excludes "an offense *punishable* by life imprisonment" from the circuit court's discretion to suspend a sentence, the fact that petitioner may not ultimately remain incarcerated for the duration of his life, due to the grant of mercy, is irrelevant. It is not petitioner's ultimate *punishment* that matters, but the term for which petitioner's crime is *punishable*. In as much as first-degree murder, the crime to which petitioner pled guilty, is *punishable* by life imprisonment (*See* W.Va. Code § 61-2-2), he is not eligible for a suspended sentence pursuant to West Virginia Code § 25-4-6. Based on the foregoing, we find no merit to petitioner's assignment of error.

For the foregoing reasons, the circuit court's March 25, 2015, order, is hereby affirmed.

Affirmed.

**ISSUED: January 11, 2016**

**CONCURRED IN BY:**

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II