# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent,**

**vs.)  No. 17-0755** (Cabell County 16-F-522)

**Alfreda Coleman Jewell Steele,**
**Defendant Below, Petitioner**

**FILED**

**November 19, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Alfreda Coleman Jewell Steele, by counsel James Alexander Meade and Robert B. Kuenzel, appeals the Circuit Court of Cabell County's July 28, 2017, order sentencing her to a term of incarceration of one to five years following her conviction of one count of concealment of a deceased human body. Respondent State of West Virginia, by counsel Gordon L. Mowen II, filed a response in support of the circuit court's order. Petitioner filed a reply. On appeal, petitioner argues that the circuit court erred in denying her motion for judgment of acquittal because West Virginia Code § 61-2-5a(a) is unconstitutionally vague.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In December of 2016, petitioner was indicted for the offense of concealment of a deceased human body.[1] According to the indictment, in August of 2016 petitioner attempted to conceal the deceased body of an individual who died as a result of illegal drug use.

In July of 2017, petitioner's jury trial commenced. The evidence established that between August 26, 2016, and August 30, 2016, petitioner rented room 107 at the Coach's Inn Motel in

---

[1]Concealment of a deceased human body is criminalized by West Virginia Code § 61-2-5a(a), which states that

> [a]ny person who, by any means, knowingly and willfully conceals, attempts to conceal or who otherwise aids and abets any person to conceal a deceased human body where death occurred as a result of criminal activity is guilty of a felony and, upon conviction thereof, shall be confined in a correctional facility for not less than one year nor more than five years and fined not less than one thousand, nor more than five thousand.

1

Cabell County. During this period, petitioner and others, including the deceased, engaged in illegal drug use. The evidence further established that petitioner admitted to injecting the deceased with twenty-five cubic centimeters of heroin and the deceased ultimately died of an overdose. Specifically, expert testimony revealed that the deceased died of intoxication caused by a combination of morphine, methamphetamine, cocaine, and ethanol intoxication. According to the expert witness, the presence of morphine was consistent with a heroin overdose, as heroin breaks down into morphine shortly after ingestion. Prior to fleeing the area, petitioner concealed the deceased's body at the foot of the room's bed under a pile of blankets, where it was later discovered by a motel employee.

Following the close of evidence, petitioner moved for judgment of acquittal on the basis that the term "criminal activity" as used in West Virginia Code § 61-2-5a(a) is unconstitutionally vague. The circuit court denied the motion. Ultimately, the jury found petitioner guilty of one count of concealment of a deceased human body. The circuit court thereafter sentenced her to a term of incarceration of one to five years and imposed a $1,000 fine. It is from this order that petitioner appeals.

We have previously held that

> [t]he trial court's disposition of a motion for judgment of acquittal is subject to our *de novo* review; therefore, this Court, like the trial court, must scrutinize the evidence in the light most compatible with the verdict, resolve all credibility disputes in the verdict's favor, and then reach a judgment about whether a rational jury could find guilt beyond a reasonable doubt.

*State v. LaRock*, 196 W.Va. 294, 304, 470 S.E.2d 613, 623 (1996). On appeal, petitioner asserts two assignments of error regarding the circuit court's denial of her motion for judgment of acquittal, both of which are based on her allegation that the statute criminalizing concealment of a deceased human body, West Virginia Code § 61-2-5a(a), is unconstitutionally vague. Specifically, petitioner argues that the statute fails to sufficiently define the phrase "criminal activity" so as to provide a person of ordinary intelligence fair notice that his or her contemplated conduct is prohibited by statute and provide adequate standards for adjudication. She further argues that the statute fails to specify to what degree, if any, the accused must be involved in the criminal activity resulting in the death in order to constitute a violation of the statute. Upon our review, we find no error in the circuit court's denial of petitioner's motion for judgment of acquittal on these grounds.

This Court has previously addressed the statutory language of which petitioner complains and found that it was not unconstitutionally vague. *State v. Smith*, 14-0433, 2015 WL 3388353, at *2 (W.Va. May 15, 2015) (denying a defendant's challenge to the constitutionality of the statute in question on the basis of vagueness because "the language of [West Virginia Code § 61-2-5a(a)] clearly and unambiguously includes all 'criminal activity'"). On appeal, petitioner urges this Court to overturn the decision in *Smith*. We decline to do so. Given that we have already authoritatively decided that the statute in question is not unconstitutionally vague in its description of "criminal activity," we find that petitioner is entitled to no relief in this regard.

Petitioner additionally argues that the statute in question "fails to provide standards adequate for adjudication" in that the failure to define "criminal activity" results in a situation in which "a trial court could not keep purely subjective standards out of the considerations of juries." Accordingly, petitioner argues that the statute fails to provide a jury with sufficient standards by which to adjudicate whether each element of the crime has been committed. We do not agree, as this argument is again predicated on petitioner's assertion that the term "criminal activity" is unconstitutionally vague. Given our analysis above, we find that petitioner is entitled to no relief in this regard.

Finally, petitioner argues that West Virginia Code § 61-2-5a(a) is unconstitutionally vague because it fails to specify whether the accused must commit or otherwise be involved with the "criminal activity" that results in death. In support of her argument, petitioner sets forth hypothetical situations that could result in a conviction, such as an individual discovering the body of someone who committed suicide, failing to report the deceased's body, and then being convicted under the statute at issue. Petitioner's hypotheticals notwithstanding, we find that the statute at issue is not unconstitutionally vague for its failure to specify the degree to which the defendant must be involved in the criminal activity that results in death because it is clear that the Legislature did not intend that any specific level of involvement be required.

We have long held that

"[w]hen a statute is clear and unambiguous and the legislative intent is plain, the statute should not be interpreted by the courts, and in such case it is the duty of the courts not to construe but to apply the statute." Syllabus Point 5, *State v. General Daniel Morgan Post No. 548, V.F.W.*, 144 W.Va. 137, 107 S.E.2d 353 (1959).

Syl. Pt. 5, *Liberty Mut. Ins. Co. v. Morrisey*, 236 W.Va. 615, 760 S.E.2d 863 (2014). Further, we have held that "'[a] statute . . . may not, under the guise of "interpretation," be modified, revised, amended or rewritten.' Syllabus Point 1, *Consumer Advocate Division v. Public Service Commission*, 182 W.Va. 152, 386 S.E.2d 650 (1989)." *Liberty Mut. Co.*, 236 W.Va. at 617, 760 S.E.2d at 865, Syl. Pt. 8. With these standards in mind, we find that petitioner's argument must fail because the plain language of the statute in question does not require the defendant to have any involvement with the required "criminal activity." While it is true that the "death [must] occur[] as a result of criminal activity," there is nothing in West Virginia Code § 61-2-5a(a) that indicates the defendant must be involved in that criminal activity. Instead, the statute requires only that the defendant "knowingly and willfully conceal[], attempt[] to conceal or . . . otherwise aid[] and abet[] any person to conceal a deceased human body. . . ." Because the language is clear and unambiguous, to adopt petitioner's position that some degree of involvement is required would result in an impermissible modification of the statute at issue. As such, we find that West Virginia Code § 61-2-5a(a) is not unconstitutionally vague and that petitioner is entitled to no relief.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** November 19, 2018

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice Evan H. Jenkins
Justice Paul T. Farrell sitting by temporary assignment