# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Everett Frazier,**
**Commissioner of the West Virginia Division of Motor Vehicles,**
**Respondent Below, Petitioner**

**vs.)  No. 20-0076** (Kanawha County 18-AA-213)

**Dewayne Fowler,**
**Petitioner Below, Respondent**

**FILED**

**March 23, 2021**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Everett Frazier, Commissioner of the West Virginia Division of Motor Vehicles ("DMV"), by counsel Janet James, appeals the January 8, 2020, order of the Circuit Court of Kanawha County, affirming the order of the Office of Administrative Hearings ("OAH") reinstating the driving privileges of respondent Dewayne Fowler. Respondent is self-represented and has made no appearance in this appellate action.

The Court has considered petitioner's brief and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the West Virginia Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion. For the reasons expressed below, the decision of the circuit court is reversed, and this case is remanded to the circuit court for entry of an order consistent with this decision.

Respondent was arrested for driving under the influence of controlled substances ("DUI") on November 14, 2012.[1] During the course of his investigation of the November 14, 2012, offense, investigating officer Deputy R. L. Jones, requested that respondent submit to a secondary chemical test of blood. Respondent acquiesced to the test and his blood sample was drawn at Welch Community Hospital. Deputy Jones took custody of the blood sample and transmitted the same to the West Virginia State Police Laboratory for testing. However, the blood sample was never tested.

---

[1] Inasmuch as we are reversing and remanding this case to the circuit court for further proceedings on grounds that do not bear on the circumstances surrounding respondent's arrest, those circumstances are not addressed in detail herein.

1

Following his arrest, the DMV sent respondent an order dated December 5, 2012, which revoked his driver's license. Respondent appealed the revocation and, on December 21, 2012, submitted a written objection and hearing request form to the OAH on which he checked a box to indicate that he wished "to challenge the results of the secondary chemical test of the blood, breath or urine." Further, respondent's then counsel directed a letter to the OAH, which included a statement identical to the language in the request form, that respondent wanted "to challenge the result of the secondary chemical test of the blood, breath or urine" taken from respondent when he was arrested.

An administrative hearing was conducted before the OAH on October 13, 2016.[2] On April 19, 2018, the OAH entered its final order reversing the order of revocation. The OAH concluded that an individual who voluntarily submits to a blood sample at the request of the investigating officer should be afforded the same due process protections as those who demand a blood test. Here, respondent was "denied the ability to present potentially, exculpatory evidence of his blood[,]" which constitutes a denial of respondent's statutory due process rights under West Virginia Code § 17C-5-9 (2013).[3]

The DMV appealed the OAH's order to the Circuit Court of Kanawha County. By order entered on January 8, 2020, the circuit court affirmed the OAH's order. The court held that respondent's agreement to submit to a blood test at the request of the investigating officer afforded him the same due process rights had he demanded a blood test. The court specifically referenced this Court's decisions in *Reed v. Hall*, 235 W. Va. 322, 773 S.E.2d 666 (2015), and *Reed v. Divita*, No. 14-1018, 2015 WL 5514209 (W. Va. Sept. 15, 2018) (memorandum decision), and found that respondent was "denied the ability to present potentially exculpatory evidence of his blood" and was, therefore, denied his due process rights. It is from the circuit court's January 8, 2020, order that petitioner now appeals.

> "'On appeal of an administrative order from a circuit court, this Court is bound by the statutory standards contained in W.Va. Code § 29A-5-4(a) and reviews questions of law presented *de novo*; findings of fact by the administrative

---

[2] The administrative hearing before the OAH was continued eight times prior to October 13, 2016.

[3] West Virginia Code § 17C-5-9 provides:

> Any person lawfully arrested for driving a motor vehicle in this state while under the influence of alcohol, controlled substances or drugs shall have the right to demand that a sample or specimen of his or her blood or breath to determine the alcohol concentration of his or her blood be taken within two hours from and after the time of arrest and a sample or specimen of his or her blood or breath to determine the controlled substance or drug content of his or her blood, be taken within four hours from and after the time of arrest, and that a chemical test thereof be made. The analysis disclosed by such chemical test shall be made available to such arrested person forthwith upon demand.

2

officer are accorded deference unless the reviewing court believes the findings to be clearly wrong.' Syl. Pt. 1, *Muscatell v. Cline*, 196 W. Va. 588, 474 S.E.2d 518 (1996)." Syl. Pt. 1, *Dale v. Odum*, 223 W. Va. 601, 760 S.E.2d 415 (2014).

Syl. Pt. 1, *Frazier v. Bragg*, __ W. Va. __, 851 S.E.2d 486 (2020). Guided by this standard, we review petitioner's argument.

On appeal, petitioner advances two assignments of error. First, petitioner alleges that the circuit court erred in finding that there was a violation of West Virginia Code § 17C-5-9 because respondent did not request a blood test. Second, petitioner argues that the circuit court erred in excluding evidence that showed that respondent was under the influence of controlled substances at the time of his arrest.

As to petitioner's first assignment of error, we agree with petitioner. Here, because respondent did not demand or request a blood draw on the date of his arrest, West Virginia Code § 17C-5-9 is not applicable to this case.

In *Bragg*, this Court held that because a "blood draw" was performed "at the request of law enforcement officers" the provisions of West Virginia Code § 17C-5-6 (2013), rather than West Virginia Code § 17C-5-9, apply.

West Virginia Code § 17C-5-6 provides, in pertinent part, that

> [o]nly a doctor of medicine or osteopathy, or registered nurse, or trained medical technician at the place of his or her employment, acting at the request and direction of the law-enforcement officer, may withdraw blood to determine the alcohol concentration in the blood, or the concentration in the blood of a controlled substance, drug, or any combination thereof . . . . The person tested may, at his or her own expense, have a doctor of medicine or osteopathy, or registered nurse, or trained medical technician at the place of his or her employment, of his or her own choosing, administer a chemical test in addition to the test administered at the direction of the law-enforcement officer. Upon the request of the person who is tested, full information concerning the test taken at the direction of the law-enforcement officer shall be made available to him or her.

This Court has long held that "[w]hen a statute is clear and unambiguous and the legislative intent is plain, the statute should not be interpreted by the courts, and in such case it is the duty of the courts not to construe but to apply the statute." Syl. Pt. 5, *State v. Gen. Daniel Morgan Post No. 548, V.F.W.*, 144 W. Va. 137, 107 S.E.2d 353 (1959). As to West Virginia Code § 17C-5-6, the *Bragg* court found that

> [t]he language of West Virginia Code § 17C-5-6 is clear and unambiguous that a law enforcement officer's duty to make available information about the test performed at the request of the officer (including blood test results) does not exist absent a request for such information by the person who is tested.

*Bragg*, __ W. Va. at __, 851 S.E.2d at 494. Simply "marking the box on the hearing request form" that the driver "wish[ed] to challenge the results of the secondary chemical test of the blood, breath or urine" is not enough. *Id*.

In the instant case, there is no dispute that the blood test was performed at the request of the investigating officer. At the hearing before the OAH, respondent acknowledged that he voluntarily consented to give a blood sample for testing. There is no indication in the record, aside from respondent's simple check on a box on the hearing request form that he wished to challenge the results of the blood test at the administrative hearing. His then counsel's contemporaneous December 21, 2012, letter to the OAH, merely repeated language on the hearing request form. Respondent has not alleged that he requested any information concerning the blood sample either for the purpose of having the sample independently tested or for use otherwise at the administrative hearing. Accordingly, we find that West Virginia Code § 17C-5-6, as opposed to West Virginia Code § 17C-5-9, applies to the instant case. As West Virginia Code § 17C-5-6 applies to the facts of the underlying case, we find that the OAH and the circuit court's reliance on West Virginia Code § 17C-5-9 and the case law construing it (i.e., *Hall* and *Divita*) was misplaced and clearly wrong.[4]

In its second assignment of error, petitioner argues that the circuit court erred in excluding evidence that showed that respondent was under the influence of controlled substances at the time of his arrest. Specifically, petitioner contends that in its final order, the circuit court acknowledged that there was evidence of respondent's use of controlled substances but failed to consider such evidence by determining that the violation of respondent's due process rights under West Virginia Code § 17C-5-9 was dispositive. Applying the reasoning set forth above, we agree with petitioner and find that the lack of analysis of the blood sample provided by respondent must simply be weighed along with the other evidence in the case.

Having determined that the circuit court erred in affirming the OAH's order reversing the revocation of respondent's license based only on the fact that respondent's blood sample was not tested, and because the OAH failed to otherwise evaluate the evidence of record, we remand this case for a determination of whether there was sufficient proof under the preponderance of the evidence standard to warrant the administrative revocation of respondent's driver's license.

For the foregoing reasons, the circuit court's January 8, 2020, order is hereby reversed, and the case is remanded for determination of whether there was sufficient proof to warrant the

---

[4] As this Court noted in *Bragg*, the *Hall* and *Divita* cases both "involved drivers who were arrested for DUI and . . . demanded that a sample of blood be taken pursuant to West Virginia Code § 17C-5-9 (2013)." *Bragg,* ___ W. Va. at __ n.2, 851 S.E.2d at 490 n.2. In both *Hall* and *Divita*, this Court upheld the reversal of the drivers' license revocation orders because their blood samples were taken but not tested. However, in the instant case, unlike *Hall* and *Divita*, respondent did not demand a blood test be taken, but rather agreed to submit to a blood test requested by the investigating officer. Accordingly, respondent's case must be decided under West Virginia Code § 17C-5-6 and not West Virginia Code § 17C-5-9.

administrative revocation of respondent's license. To facilitate the commencement and conclusion of the remand proceedings, we direct the Clerk of this Court to issue the mandate of this Court contemporaneously with the issuance of this decision.

Reversed and remanded with directions.

**ISSUED:** March 23, 2021

**CONCURRED IN BY:**

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison

**DISSENTING:**

Justice William R. Wooton