**FILED**
**November 1, 2021**
released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**Keith C. and Karen C.,**
**Petitioners Below, Petitioners**

**vs.)  No. 20-0059**                    (Putnam County 19-DV-247)

**Alan B.,**
**Respondent Below, Respondent.**

## MEMORANDUM DECISION

Petitioners Keith C. and Karen C., by counsel Shawn D. Bayliss, appeal the December 27, 2019, order of the Circuit Court of Putnam County that denied their Petition for Appeal of Order Denying Domestic Violence Protective Order. Alan B., by counsel D. Scott Tyree, filed a response in support of the circuit court's order. At issue is whether petitioners and respondent are "family or household members" within the meaning of our domestic violence prevention and treatment statutes.

This Court has considered the briefs, the record on appeal, and pertinent legal authority, as well as the oral arguments presented to this Court by the parties. Upon consideration of the same, we find no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

### Facts and Procedural History

Petitioners Keith C. and Karen C. are married. Respondent Alan B. is married to Rene B., whose mother was once married to Petitioner Keith C.'s brother.[1] Therefore, at one time, Petitioners Keith C. and Karen C. were the step uncle-in-law and step aunt-in-law, respectively, of Respondent Alan B.

On August 17, 2019, Petitioner Keith C. and Respondent Alan B., who live on adjacent properties in Red House, Putnam County, had a physical altercation that petitioners allege occurred on or near their property, was instigated by Alan B., and resulted in serious and permanent injuries to Petitioner Keith C.

---

[1] Petitioner Keith C.'s brother, Dwight C., and Rene B.'s mother, E. Dian C., divorced sometime in the 1990s.

1

On October 8, 2019, petitioners filed a request for an Emergency Order of Protection against respondent in the Magistrate Court of Putnam County, pursuant to West Virginia Code § 48-27-403 [2018]. Petitioners completed the Domestic Violence Protection form in which they indicated that "[t]he [r]espondent and person(s) for whom protection is sought are family or household members, as defined in West Virginia Code § 48-27-204, because . . . . [o]ne party is the other party's . . . 'Aunt, Aunt-in-law or Stepaunt' [and] 'Uncle, Uncle-in-law or Stepuncle[.]'" Petitioners were granted an emergency protective order on October 10, 2019, and a final hearing was scheduled for October 30, 2019.[2]

Respondent thereafter filed a motion to dismiss the petition pursuant to West Virginia Rule of Civil Procedure 12(b)(6) on the ground that petitioners and respondent are not "family members" within the meaning of West Virginia Code § 48-27-204 and, as such, the petition for a domestic violence protective order ("dvpo") failed to state a claim upon which relief can be granted.

Following a hearing, the Family Court of Putnam County effectively granted the motion to dismiss by denying the petition and terminating the emergency dvpo. The family court determined that it did not have jurisdiction to hear the petition because "the parties are not family or household members as defined by [West Virginia Code] [§] 48-27-204." Petitioners appealed the family court's order to the Circuit Court of Putnam County and a hearing was conducted on November 13, 2019. By order entered on December 27, 2019, the circuit court denied the petition for appeal thereby affirming the family court's order. This appeal followed.

**Standard of Review**

Petitioners appeal the circuit court's order affirming the family court's denial of the petition for dvpo and termination of the emergency dvpo. Our standard of review is well established:

> In reviewing a final order entered by a circuit court judge upon a review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo.*

---

[2] Pursuant to West Virginia Code § 48-27-205 [2001], "'[f]inal hearing' means the hearing before a family court judge following the entry of an order by a magistrate as a result of the emergency hearing." West Virginia Code § 48-27-403(d) requires that the family court schedule a final hearing in which an emergency protective order has been entered by a magistrate no later than ten days following entry of the order by the magistrate. The Family Court of Putnam County continued the hearing in this case because "[t]he [c]ourt . . . requested that another judge hear the case." The Honorable Richard C. Witt, Judge of the Family Court of Putnam County, recused himself from presiding over the case. He was replaced by the Honorable James W. Douglas, Judge of the Family Court of Kanawha County by administrative order of this Court.

2

Syllabus, *Carr v. Hancock*, 216 W. Va. 474, 607 S.E.2d 803 (2004). We consider this appeal with this standard in mind.

**Discussion**

On appeal, petitioners argue that the family court erred in concluding that they and respondent are not "family or household members" as that term is defined by West Virginia Code § 48-27-204, and that, consequently, the court was without jurisdiction to consider their dvpo petition that was based upon the act of domestic violence that respondent is alleged to have committed against them.[3]

West Virginia Code § 48-27-202 [2010] defines "[d]omestic violence" or "abuse" as

> *the occurrence of one or more of the following acts between family or household members, as that term is defined in [West Virginia Code § 48-27-204]* of this article:
>
> (1) Attempting to cause or intentionally, knowingly or recklessly causing physical harm to another with or without dangerous or deadly weapons;
>
> (2) Placing another in reasonable apprehension of physical harm;
>
> (3) Creating fear of physical harm by harassment, stalking, psychological abuse or threatening acts;
>
> (4) Committing either sexual assault or sexual abuse as those terms are defined in articles eight-b [§§ 61-8B-1 et seq.] and eight-d [§§ 61-8D-1 et seq.], chapter sixty-one of this code; and
>
> (5) Holding, confining, detaining or abducting another person against that person's will.

(Emphasis added).[4]

---

[3] *See* W. Va. Code §§ 51-2A-2(e) [2018] (providing that "[a] family court is a court of limited jurisdiction" and "a court of record only for the purpose of exercising jurisdiction in the matters for which the jurisdiction of the family court is specifically authorized in this section and in chapter 48"); 51-2A-2(a)(12) (conferring jurisdiction on family courts over "[a]ll final hearings in domestic violence proceedings); 48-27-301(a) [2016] (conferring concurrent jurisdiction on circuit courts, family courts and magistrate courts "over domestic violence proceedings as provided in this article.").

[4] In this case, petitioners allege that they were "abused or threatened with abuse by [r]espondent" pursuant to West Virginia Code § 48-27-202(1) (2) and (3).

3

Pursuant to West Virginia Code § 48-27-204 [2002],

"Family or household members" means persons who:

(1) Are or were married to each other;

(2) Are or were living together as spouses;

(3) Are or were sexual or intimate partners;

(4) Are or were dating: Provided, That a casual acquaintance or ordinary fraternization between persons in a business or social context does not establish a dating relationship;

(5) Are or were residing together in the same household;

(6) Have a child in common regardless of whether they have ever married or lived together;

(7) Have the following relationships to another person:

(A) Parent;

(B) Stepparent;

(C) Brother or sister;

(D) Half-brother or half-sister;

(E) Stepbrother or stepsister;

(F) Father-in-law or mother-in-law;

(G) Stepfather-in-law or stepmother-in-law;

(H) Child or stepchild;

(I) Daughter-in-law or son-in-law;

(J) Stepdaughter-in-law or stepson-in-law;

(K) Grandparent;

(L) Step grandparent;

(M) Aunt, aunt-in-law or step aunt;

(N) Uncle, uncle-in-law or step uncle;

4

(O) Niece or nephew;

(P) First or second cousin; or

(8) Have the relationships set forth in paragraphs (A) through (P), subdivision (7) of this section to a family or household member, as defined in subdivisions (1) through (6) of this section.

The issue presented involves the construction of West Virginia Code § 48-27-204 and its application to the facts of this case. We have often stated that "[t]he primary object in construing a statute is to ascertain and give effect to the intent of the Legislature." Syl. Pt. 1, *Smith v. State Workmen's Comp. Comm'r*, 159 W. Va. 108, 219 S.E.2d 361 (1975). Accordingly, we adhere to the principle that "[w]hen a statute is clear and unambiguous and the legislative intent is plain, the statute should not be interpreted by the courts, and in such case it is the duty of the courts not to construe but to apply the statute." Syl. pt. 5, *State v. General Daniel Morgan Post No. 548, Veterans of Foreign Wars*, 144 W.Va. 137, 107 S.E.2d 353 (1959).

We find the language of West Virginia Code § 48-27-204 to be clear and unambiguous and its straightforward application to the parties' relationship leads us to conclude that the family court correctly determined that it did not have jurisdiction to consider petitioners' request for a dvpo.

At the time the physical altercation between Petitioner Keith C. and respondent is alleged to have occurred, Petitioners Keith C. and Karen C. were the former step uncle-in-law and step aunt-in-law, respectively, to respondent. *See* n.1, *supra.* Although West Virginia Code § 48-27-204(7)(M) and (N) includes as "family or household members" "aunt, aunt-in-law or step aunt" and "uncle, uncle-in-law or step uncle," respectively, the statute does not include within that definition "step aunt-in-law" or "step uncle-in-law." By comparison, the statute includes within the definition of "family or household member" other "step" relationships by marriage, including "stepfather-in-law or stepmother-in-law," W. Va. Code § 48-27-204(7)(G), and "stepdaughter-in-law or stepson-in-law." W. Va. Code § 48-27-204(7)(J).[5] "[W]hen the Legislature 'includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that [the Legislature] acts intentionally and purposely in the disparate inclusion or exclusion.'" *Christopher J. v. Ames*, 241 W. Va. 822, 831 -32, 828 S.E.2d 884, 893-94 (2019) (quoting *Russello v. United States*, 464 U.S. 16, 23 (1983) (internal quotation marks and citation omitted)). Consistent with this observation, we follow the tenet that "[i]n the interpretation of statutory provisions the familiar maxim *expressio unius est exclusio alterius,* the express mention of one thing implies the exclusion of another, applies." Syl. Pt. 3, *Manchin v. Dunfee,* 174 W.Va. 532, 327 S.E.2d 710 (1984). Finally, in that same vein, we are reminded that "[i]t is not for this Court arbitrarily to read into [a statute] that which it does not say. Just as courts are not to eliminate through judicial interpretation words that were

---

[5] Even *if* "step uncle-in-law" or "step aunt-in-law" were included as "family or household members" under West Virginia Code § 48-27-204(7), that provision does not include persons who "had" the relationships listed in (A) through (P). Rather, West Virginia Code § 48-27-204(7) defines "family or household member" as persons who "have" the relationships to another person that are set forth in (A) through (P).

purposely included, we are obliged not to add to statutes something the Legislature purposely omitted." *Banker v. Banker*, 196 W. Va. 535, 546-47, 474 S.E.2d 465, 476-77 (1996). *See also State ex rel. Frazier v. Meadows,* 193 W.Va. 20, 24, 454 S.E.2d 65, 69 (1994) ("Courts are not free to read into the language what is not there, but rather should apply the statute as written.").

The language of West Virginia Code § 48-27-204 is clear and unambiguous and, thus, applying it as written, we conclude that petitioners and respondent are not "family or household members" as that term is defined in that statute.[6] Accordingly, the family court did not err in denying petitioners' petition for dvpo against respondent.[7]

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** November 1, 2021

---

[6] Petitioners also assert that, based upon the relationship of Petitioner Keith C.'s brother, Dwight C., and respondent's mother-in-law, E. Dian C., petitioners and respondent satisfy the definition of "family or household members" pursuant to West Virginia Code § 48-27-204(8), which provides: "'Family or household members' means persons who . . . . [h]ave the relationships set forth in paragraphs (A) through (P), subdivision (7) of this section to a family or household member, as defined in subdivisions (1) through (6) of this section." Petitioners contend that Dwight C. and E. Dian C.'s relationship "adequately serves as the foundational relationship under subdivisions (1) through (6) of subsection 204 that satisfies the subdivision (8) analysis." Specifically, petitioners posit that Dwight C. and E. Dian C. are "family or household members" because they "[a]re or were married to each other[,]" as provided in West Virginia Code § 48-27-204(1). And, because Petitioner Keith C. has a statutory relationship to Dwight C. (brother), *see* W. Va. Code § 48-27-204(7)(C), and respondent has a statutory relationship to E. Dian C. (son-in-law), *see* W.Va. Code § 48-27-204(7)(I), then petitioners and respondent meet the definition of "family or household members" under West Virginia Code § 48-27-204(8), thereby conferring jurisdiction on the family court to consider petitioners' dvpo petition against respondent. We find no merit to this argument because petitioners' reasoning is both fundamentally flawed and nonsensical. By definition, "domestic violence" or "abuse" requires the alleged acts to have occurred "between family or household members." W. Va. Code § 48-27-202. Dwight C. and E. Dian C. were in no way involved in the act of domestic violence that is alleged to have occurred here and neither of them has initiated a domestic violence proceeding in this case. Their relationship to each other and respective familial relationships to petitioners and respondent are utterly irrelevant to an analysis of whether petitioners and respondent are "family or household members" under West Virginia Code § 47-28-204(8).

[7] Because we conclude that the family court did not err in denying the petition for dvpo on jurisdictional grounds, we need not address petitioners' assignment of error that the circuit court erred in failing to remand the matter to family court with directions to hear evidence on the allegations set forth in the petition.

**CONCURRED IN BY:**

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton